TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00082-CV






Barbara Berg, Appellant



v.



Roy L. Kinsey and Bill Maddox, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. GN0-02032, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Appellees Roy Kinsey and Bill Maddox, property owners in the Village Oak West
Subdivision, filed suit against appellant Barbara Berg and claimed that she violated the residential
subdivision's deed restrictions when she placed a mobile home on her property. Kinsey and Maddox
sought a declaratory judgment, a permanent injunction, attorney's fees, and costs. (1) The district court
granted Kinsey's and Maddox's second motion for summary judgment, declared that Berg violated
the deed restrictions by placing a mobile home on her property without approval from the
developer's board of directors, ordered that Berg remove the mobile home, and enjoined her from
placing a mobile home on any other property in the subdivision that she owns or may own in the
future. Berg raises four issues contending that the district court erred in granting summary judgment. 
We will reverse the judgment and remand the cause to the district court for further proceedings.


Background


 Berg does not reside in the subdivision. She has instead purchased several lots, sold
the underlying land to individual purchasers by contract for deed and sold each purchaser a mobile
home to place on their lot. In 1999, Berg purchased Lot 8, Block C ("the Lot") in the subdivision
which is near lots owned by Kinsey and Maddox. (2) In June of 2000, Kinsey and Maddox learned that
Berg planned to move a mobile home onto the Lot. Despite the fact that there were other mobile
homes in the subdivision, Kinsey told Berg he thought she would violate the subdivision's deed
restrictions by having a mobile home on the Lot. Soon after their conversation, Berg moved a
mobile home onto the Lot, installed a septic system and had water, electricity and telephone services
connected to the mobile home. 

 At the time the subdivision was established in May 1971, Jacmac, Inc., the developer,
filed in the Travis County deed records certain deed restrictions for the subdivision. At issue are two
provisions in those deed restrictions: (1) paragraph eight provides, "All buildings erected on the
premises shall be of new construction and materials, except mobile homes, and they will be by
approval of the Board of Directors of Jacmac, Inc., only;" and (2) paragraph thirteen provides, 


These covenants are to run with the land and shall be binding on all parties and all
persons claiming under them for a period of ten (10) years from the date these
covenants are recorded, after which time said covenants shall be automatically
extended for successive period of ten (10) years unless an instrument signed by a
majority of the then owners of said land has been recorded, agreeing to change said
covenants in whole or part.



 On July 18, 2000, Kinsey and Maddox sued Berg and claimed that she violated
paragraph eight of the deed restrictions because she failed to obtain approval from the Board of
Directors of Jacmac, Inc. ("the Board") to place the mobile home on the Lot. They also sought a
permanent injunction that would require Berg to remove the mobile home on the Lot and would
restrain Berg from placing a mobile home on any property in the subdivision in the future. After
Berg filed a general denial, Kinsey and Maddox moved for summary judgment which the district
court overruled.

 In their second motion for summary judgment, Kinsey and Maddox contended that
paragraph eight of the deed restrictions provided that a property owner must receive approval from
the Board before placing a mobile home on property in the subdivision. Kinsey and Maddox also
contended that a majority of the property owners had not filed a written instrument in the Travis
County deed records changing or amending the May 1971 deed restrictions so that those deed
restrictions remained in effect. They contended that paragraphs eight and thirteen in the deed
restrictions were unambiguous and asked the district court to construe them as a matter of law. 
Finally, they contended that because Berg did not receive approval from the Board to put a mobile
home on her property she violated the deed restrictions as a matter of law.

 Kinsey's and Maddox's summary-judgment proof included among other things
affidavits from Kinsey and Maddox, as well as an affidavit from L. O. Jackson, an owner and officer
of Jacmac, Inc. from its creation in October 1970. Kinsey and Maddox both stated in their affidavits
that they have personal knowledge that there has never been a decision by the majority of the
property owners to terminate the 1971 deed restrictions. Significantly, Jackson stated in his affidavit
that Jacmac, Inc. ceased operations on December 21, 1982.

 Berg responded to the motion and submitted her own affidavit as summary-judgment
proof. Although she raised other issues in her response and her affidavit, she conceded that she did
not obtain approval from the Board to place the mobile home on the Lot. She stated in her affidavit
that, "[she] attempted to locate Jacmac and [] was told by the Secretary of State that it had ceased
to exist."

 The district court granted summary judgment and ruled that there were no issues of
material fact, that Berg breached the deed restrictions which have not terminated by placing or
allowing a mobile home to be placed on the Lot without approval from the Board. Additionally, the
district court determined that there was a substantial likelihood that Berg would place or allow other
mobile homes to be placed on other property she owns in the subdivision. The district court ordered
Berg to remove the mobile home from the Lot and to remove any other mobile homes from property
she owns in the subdivision. Further, the district court enjoined Berg from placing or allowing a
mobile home of any kind to be placed on property she owns or may hereinafter acquire in the
subdivision. Finally, the district court ordered Berg to pay Kinsey's and Maddox's attorney's fees. 


Discussion


 The standards for reviewing a summary judgment are well established. The party
moving for summary judgment has the burden of showing no genuine issue of material fact exists
and that it is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972).
Summary judgments must stand on their own merit. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217,
223 (Tex. 1999). Accordingly, the nonmovant need not have answered or responded to the motion
to contend on appeal that the movant's summary-judgment proof is insufficient as a matter of law
to support summary judgment. Id. A traditional motion for summary judgment is properly granted
when the movant establishes that there are no genuine issues of material fact to be decided and that
it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Rhone-Poulenc, 997 S.W.2d
at 222; Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). A plaintiff moving for
summary judgment must conclusively prove all essential elements of its claim. KPMG Peat
Marwick v. Harrison County Housing Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); MMP, Ltd. v.
Jones, 710 S.W.2d 59, 60 (Tex. 1986). The summary judgment proof is reviewed by indulging every
reasonable inference in favor of the nonmovant and resolving all doubts against the movant. KPMG,
988 S.W.2d at 748.

 On appeal, in order to sustain the summary judgment, the proof must have established
that Berg violated the deed restrictions as a matter of law. Among the appellate issues Berg raises
is that the district court erred in granting summary judgment because Kinsey's and Maddox's
undisputed proof showed that Jacmac, Inc. ceased operations in 1982. Berg argues that she did not
violate the deed restrictions because no "Board of Directors of Jacmac, Inc." existed from which she
might seek approval for the mobile home. Berg contends that, consequently, Kinsey and Maddox
failed to show that she violated the deed restrictions as a matter of law.

 The summary-judgment proof conclusively established that in the year 2000 Jacmac,
Inc. was a defunct company; consequently, no board of directors existed from which Berg could have
sought authorization for placing a mobile home on her property. Assuming without deciding that
the May 7, 1971 deed restrictions remain in effect and assuming without deciding that the deed
restrictions are not ambiguous in that they require the Board to authorize the placement of a mobile
home on property in the subdivision, we hold that Kinsey and Maddox have failed to show that Berg
violated the deed restrictions as a matter of law. We sustain Berg's fourth issue.


Conclusion


 Having determined that Kinsey and Maddox failed to establish that Berg violated the
deed restrictions as a matter of law, it is not necessary for us to address Berg's three remaining
issues. The judgment is reversed and the cause is remanded to the district court for further
proceedings.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed: November 1, 2001

Do Not Publish

1.   Kinsey and Maddox also sought damages pursuant to section 202.004(c) of the Texas Property
Code. See Tex. Prop. Code Ann. § 202.004(c) (West 1995). The district court granted Kinsey's and
Maddox's motion to dismiss the claim for damages and it is not an issue in this appeal.
2.   Record references vary about whether the lot at issue is Lot 7 or Lot 8. We will follow the final
judgment and the lot we will refer to is "Lot 8, Block C."