# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-01-00082-CV

**Barbara Berg, Appellant**

v.

**Roy L. Kinsey and Bill Maddox, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. GN0-02032, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

Appellees Roy Kinsey and Bill Maddox, property owners in the Village Oak West Subdivision, filed suit against appellant Barbara Berg and claimed that she violated the residential subdivision's deed restrictions when she placed a mobile home on her property. Kinsey and Maddox sought a declaratory judgment, a permanent injunction, attorney's fees, and costs.[1] The district court granted Kinsey's and Maddox's second motion for summary judgment, declared that Berg violated the deed restrictions by placing a mobile home on her property without approval from the developer's board of directors, ordered that Berg remove the mobile home, and enjoined her from placing a mobile home on any other property in the subdivision that she owns or may own in the future. Berg

---

[1] Kinsey and Maddox also sought damages pursuant to section 202.004(c) of the Texas Property Code. *See* Tex. Prop. Code Ann. § 202.004(c) (West 1995). The district court granted Kinsey's and Maddox's motion to dismiss the claim for damages and it is not an issue in this appeal.

raises four issues contending that the district court erred in granting summary judgment. We will reverse the judgment and remand the cause to the district court for further proceedings.

## Background

Berg does not reside in the subdivision. She has instead purchased several lots, sold the underlying land to individual purchasers by contract for deed and sold each purchaser a mobile home to place on their lot. In 1999, Berg purchased Lot 8, Block C ("the Lot") in the subdivision which is near lots owned by Kinsey and Maddox.[2] In June of 2000, Kinsey and Maddox learned that Berg planned to move a mobile home onto the Lot. Despite the fact that there were other mobile homes in the subdivision, Kinsey told Berg he thought she would violate the subdivision's deed restrictions by having a mobile home on the Lot. Soon after their conversation, Berg moved a mobile home onto the Lot, installed a septic system and had water, electricity and telephone services connected to the mobile home.

At the time the subdivision was established in May 1971, Jacmac, Inc., the developer, filed in the Travis County deed records certain deed restrictions for the subdivision. At issue are two provisions in those deed restrictions: (1) paragraph eight provides, "All buildings erected on the premises shall be of new construction and materials, except mobile homes, and they will be by approval of the Board of Directors of Jacmac, Inc., only;" and (2) paragraph thirteen provides,

> These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of ten (10) years from the date these covenants are recorded, after which time said covenants shall be automatically

---

[2] Record references vary about whether the lot at issue is Lot 7 or Lot 8. We will follow the final judgment and the lot we will refer to is "Lot 8, Block C."

2

extended for successive period of ten (10) years unless an instrument signed by a majority of the then owners of said land has been recorded, agreeing to change said covenants in whole or part.

On July 18, 2000, Kinsey and Maddox sued Berg and claimed that she violated paragraph eight of the deed restrictions because she failed to obtain approval from the Board of Directors of Jacmac, Inc. ("the Board") to place the mobile home on the Lot. They also sought a permanent injunction that would require Berg to remove the mobile home on the Lot and would restrain Berg from placing a mobile home on any property in the subdivision in the future. After Berg filed a general denial, Kinsey and Maddox moved for summary judgment which the district court overruled.

In their second motion for summary judgment, Kinsey and Maddox contended that paragraph eight of the deed restrictions provided that a property owner must receive approval from the Board before placing a mobile home on property in the subdivision. Kinsey and Maddox also contended that a majority of the property owners had not filed a written instrument in the Travis County deed records changing or amending the May 1971 deed restrictions so that those deed restrictions remained in effect. They contended that paragraphs eight and thirteen in the deed restrictions were unambiguous and asked the district court to construe them as a matter of law. Finally, they contended that because Berg did not receive approval from the Board to put a mobile home on her property she violated the deed restrictions as a matter of law.

Kinsey's and Maddox's summary-judgment proof included among other things affidavits from Kinsey and Maddox, as well as an affidavit from L. O. Jackson, an owner and officer of Jacmac, Inc. from its creation in October 1970. Kinsey and Maddox both stated in their affidavits

3

that they have personal knowledge that there has never been a decision by the majority of the property owners to terminate the 1971 deed restrictions. Significantly, Jackson stated in his affidavit that Jacmac, Inc. ceased operations on December 21, 1982.

Berg responded to the motion and submitted her own affidavit as summary-judgment proof. Although she raised other issues in her response and her affidavit, she conceded that she did not obtain approval from the Board to place the mobile home on the Lot. She stated in her affidavit that, "[she] attempted to locate Jacmac and [] was told by the Secretary of State that it had ceased to exist."

The district court granted summary judgment and ruled that there were no issues of material fact, that Berg breached the deed restrictions which have not terminated by placing or allowing a mobile home to be placed on the Lot without approval from the Board. Additionally, the district court determined that there was a substantial likelihood that Berg would place or allow other mobile homes to be placed on other property she owns in the subdivision. The district court ordered Berg to remove the mobile home from the Lot and to remove any other mobile homes from property she owns in the subdivision. Further, the district court enjoined Berg from placing or allowing a mobile home of any kind to be placed on property she owns or may hereinafter acquire in the subdivision. Finally, the district court ordered Berg to pay Kinsey's and Maddox's attorney's fees.

**Discussion**

The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop.*

4

*Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). Summary judgments must stand on their own merit. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Accordingly, the nonmovant need not have answered or responded to the motion to contend on appeal that the movant's summary-judgment proof is insufficient as a matter of law to support summary judgment. *Id.* A traditional motion for summary judgment is properly granted when the movant establishes that there are no genuine issues of material fact to be decided and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Rhone-Poulenc*, 997 S.W.2d at 222; *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). The summary judgment proof is reviewed by indulging every reasonable inference in favor of the nonmovant and resolving all doubts against the movant. *KPMG*, 988 S.W.2d at 748.

On appeal, in order to sustain the summary judgment, the proof must have established that Berg violated the deed restrictions as a matter of law. Among the appellate issues Berg raises is that the district court erred in granting summary judgment because Kinsey's and Maddox's undisputed proof showed that Jacmac, Inc. ceased operations in 1982. Berg argues that she did not violate the deed restrictions because no "Board of Directors of Jacmac, Inc." existed from which she might seek approval for the mobile home. Berg contends that, consequently, Kinsey and Maddox failed to show that she violated the deed restrictions as a matter of law.

5

The summary-judgment proof conclusively established that in the year 2000 Jacmac, Inc. was a defunct company; consequently, no board of directors existed from which Berg could have sought authorization for placing a mobile home on her property. Assuming without deciding that the May 7, 1971 deed restrictions remain in effect and assuming without deciding that the deed restrictions are not ambiguous in that they require the Board to authorize the placement of a mobile home on property in the subdivision, we hold that Kinsey and Maddox have failed to show that Berg violated the deed restrictions as a matter of law. We sustain Berg's fourth issue.

### Conclusion

Having determined that Kinsey and Maddox failed to establish that Berg violated the deed restrictions as a matter of law, it is not necessary for us to address Berg's three remaining issues. The judgment is reversed and the cause is remanded to the district court for further proceedings.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed: November 1, 2001

Do Not Publish