NO. 07-01-0436-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 25, 2002

_____

TOM SNIDER, APPELLANT

V.

PARKINSON ELECTRONICS COMPANY, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 01-07-18,465; HONORABLE ANDY KUPPER, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

By this appeal, Tom Snider challenges the trial court's order granting summary judgment that he take nothing in his action against Parkinson Electronics Company for declaratory judgment and seeking damages for wrongful impairment of his credit rating. By two issues, Snider contends (1) the trial court erred in granting summary judgment, and (2) the trial court erred in awarding attorney's fees. Based on the following rationale, we reverse

and remand. Because Parkinson does not contradict Snider's statement of facts, we will accept Snider's fact statement as true. TEX. R. APP. P. 38.2(a)(1)(B).

On June 29, 2000, Parkinson sued Snider on a sworn account in the Small Claims Court of Hockley County, Texas. Although citation was directed to Snider, citation was served on Snider's father, Lee Snider, on July 6, 2000. After Snider's father was served, Parkinson's counsel submitted a motion for substituted service and the Small Claims Court authorized substituted service by order signed July 10, 2000. On July 17, 2000, without the issuance and service of a new citation, the Small Claims Court signed a default judgment that Parkinson recover damages against Snider. When he learned of the judgment almost a year later, in May 2001, Snider filed this suit seeking both to void the judgment and enjoin its enforcement, as well as damages for wrongful impairment of his credit rating. Following its answer to Snider's petition, Parkinson filed a traditional motion for summary judgment. After hearing the motion for summary judgment, the trial court rendered judgment that Snider take nothing and that Parkinson recover $1,500 in attorney's fees. Before we consider appellant's issues, we first set out the appropriate standard of review.

## STANDARD OF REVIEW

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.–Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). Where, as here, the summary judgment does not specify

3

or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.–Houston [1st Dist.] 1990, no writ).

By his first issue, Snider contends the trial court erred in granting summary judgment because of defective service of citation in the judgment of the underlying suit. Presenting sub-issues (a) through (d) he argues that service of citation was defective in the underlying suit because (a) the evidence did not show compliance with TEX. R. CIV. P. 536(c), as a matter of law; (b) the evidence established that the judgment taken in Small Claims Court was void as a matter of law; (c) the summary judgment evidence established a defective citation apparent on the face of the record; and (d) the citation in Small Claims Court was defective for failure to comply with TEX. R. CIV. P. 534(b)(9) and(12) and Rule 534(c). By sub-issue (a), Snider contends the trial court erred in granting summary judgment in favor of Parkinson because the evidence does not establish as a matter of law that they complied with TEX. R. CIV. P. 536(c) in obtaining substituted service of citation on him. We agree.

Although TEX. R. CIV. P. 166a(c) requires that a motion for summary judgment shall "state the specific grounds therefor," as discussed in *McConnell*, 858 S.W.2d at 342, the grounds upon which Parkinson relies for the motion are instead nonspecific. Although unclear, it appears that Parkinson's motion was grounded on its contention that

Therefore, there is no genuine issue of fact that Defendant in this cause properly perfected service on Tom Snider in Cause No. SC0548 in the Justice Court according to the Texas Rules of Civil Procedure.

Parkinson's motion for substituted service in Small Claims Court alleged that attempted personal service was unsuccessful and requested substituted service under TEX. R. CIV. P. 106(b). However, Rule 106(b) applies to suits in District and County Courts, not Justice Courts. By his response to the motion, although Snider acknowledged TEX. R. CIV. P. 536(c) authorizes substituted service of citation in Justice Court, Parkinson did not amend its motion for summary judgment to assert service under Rule 106(b) was effective. Further, although Rule 536(c) authorizes substituted service where service under TEX. R. CIV. P. 536(a)(1) or (a)(2) has been attempted without success, it provides the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

This rule contemplates where ordinary personal service has been attempted without success, substituted service may be authorized. However, neither does the rule authorize substituted service before an order has been signed authorizing substituted service, nor has Parkinson cited any cases holding such. Accordingly, Parkinson did not establish that it was entitled to summary judgment as a matter of law on the grounds asserted in its motion. *City of Houston*, 589 S.W.2d at 678.

5

Moreover, in its brief, Parkinson does not respond to Snider's argument that service under TEX. R. CIV. P. 536(c) was not effective. Instead, Parkinson focuses its response on the contention that Snider's attack on the judgment of the Small Claims Court fails because it was a collateral attack. However, the contention the attack was collateral was not mentioned as a ground in Parkinson's motion for summary judgment. Because Parkinson's collateral attack theory was not presented to the trial court in writing, it cannot be considered as supporting summary judgment. *City of Houston*, 589 S.W.2d at 679.

Without expressing any opinion about Parkinson's collateral attack defense presented on appeal, Snider's sub-issue (a) of issue one is sustained. Our sustention of this contention pretermits consideration of his remaining issues. TEX. R. APP. P. 47.1.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

Don H. Reavis
Justice

Do not publish.

6