NO. 07-03-0422-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 27, 2004


______________________________



IN THE INTEREST OF B.I.S.G. a/k/a B.I.S.



_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B32607-0301; HON. ED SELF, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Candy Salazar, by and through her attorney, has filed a motion to dismiss
this appeal because she no longer desires to prosecute it. Without passing on the merits
of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate Procedure
42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's request, no
motion for rehearing will be entertained, and our mandate will issue forthwith.

 Brian Quinn

 Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004). 



)(B).

 On June 29, 2000, Parkinson sued Snider on a sworn account in the Small Claims
Court of Hockley County, Texas. Although citation was directed to Snider, citation was
served on Snider's father, Lee Snider, on July 6, 2000. After Snider's father was served,
Parkinson's counsel submitted a motion for substituted service and the Small Claims Court
authorized substituted service by order signed July 10, 2000. On July 17, 2000, without the
issuance and service of a new citation, the Small Claims Court signed a default judgment
that Parkinson recover damages against Snider. When he learned of the judgment almost
a year later, in May 2001, Snider filed this suit seeking both to void the judgment and enjoin
its enforcement, as well as damages for wrongful impairment of his credit rating. Following
its answer to Snider's petition, Parkinson filed a traditional motion for summary judgment. 
After hearing the motion for summary judgment, the trial court rendered judgment that Snider
take nothing and that Parkinson recover $1,500 in attorney's fees. Before we consider
appellant's issues, we first set out the appropriate standard of review.

STANDARD OF REVIEW





 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.



 For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all
essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986), or
negate at least one essential element of the non-movant's cause of action. Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has
established a right to summary judgment, the non-movant has the burden to respond to the
motion for summary judgment and present to the trial court any issues that would preclude
summary judgment. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.
1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.-Houston [1st Dist.] 1996, writ
denied). Issues which the non-movant contends preclude the granting of a summary
judgment must be expressly presented to the trial court by written answer or other written
response to the motion and not by mere reference to summary judgment evidence. 
McConnell v. Southside Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly
presented to the trial court in writing shall not be considered on appeal as grounds for
reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a
motion for summary judgment must be presented in writing to the trial court. Casso v. Brand,
776 S.W.2d 551, 553 (Tex. 1989). Where, as here, the summary judgment does not specify
or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the
grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569
(Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410
(Tex.App.-Houston [1st Dist.] 1990, no writ).

 By his first issue, Snider contends the trial court erred in granting summary judgment
because of defective service of citation in the judgment of the underlying suit. Presenting
sub-issues (a) through (d) he argues that service of citation was defective in the underlying
suit because (a) the evidence did not show compliance with Tex. R. Civ. P. 536(c), as a
matter of law; (b) the evidence established that the judgment taken in Small Claims Court
was void as a matter of law; (c) the summary judgment evidence established a defective
citation apparent on the face of the record; and (d) the citation in Small Claims Court was
defective for failure to comply with Tex. R. Civ. P. 534(b)(9) and(12) and Rule 534(c). By
sub-issue (a), Snider contends the trial court erred in granting summary judgment in favor
of Parkinson because the evidence does not establish as a matter of law that they complied
with Tex. R. Civ. P. 536(c) in obtaining substituted service of citation on him. We agree.

 Although Tex. R. Civ. P. 166a(c) requires that a motion for summary judgment shall
"state the specific grounds therefor," as discussed in McConnell, 858 S.W.2d at 342, the
grounds upon which Parkinson relies for the motion are instead nonspecific. Although
unclear, it appears that Parkinson's motion was grounded on its contention that 

 Therefore, there is no genuine issue of fact that Defendant in this cause
properly perfected service on Tom Snider in Cause No. SC0548 in the Justice
Court according to the Texas Rules of Civil Procedure.


Parkinson's motion for substituted service in Small Claims Court alleged that attempted
personal service was unsuccessful and requested substituted service under Tex. R. Civ. P.
106(b). However, Rule 106(b) applies to suits in District and County Courts, not Justice
Courts. By his response to the motion, although Snider acknowledged Tex. R. Civ. P. 536(c)
authorizes substituted service of citation in Justice Court, Parkinson did not amend its motion
for summary judgment to assert service under Rule 106(b) was effective. Further, although
Rule 536(c) authorizes substituted service where service under Tex. R. Civ. P. 536(a)(1) or
(a)(2) has been attempted without success, it provides the court may authorize service

 (1) by leaving a true copy of the citation, with a copy of the petition attached,
with anyone over sixteen years of age at the location specified in such
affidavit, or


 (2) in any other manner that the affidavit or other evidence before the court
shows will be reasonably effective to give the defendant notice of the suit.


This rule contemplates where ordinary personal service has been attempted without
success, substituted service may be authorized. However, neither does the rule authorize
substituted service before an order has been signed authorizing substituted service, nor has
Parkinson cited any cases holding such. Accordingly, Parkinson did not establish that it was
entitled to summary judgment as a matter of law on the grounds asserted in its motion. City
of Houston, 589 S.W.2d at 678.

 Moreover, in its brief, Parkinson does not respond to Snider's argument that service
under Tex. R. Civ. P. 536(c) was not effective. Instead, Parkinson focuses its response on
the contention that Snider's attack on the judgment of the Small Claims Court fails because
it was a collateral attack. However, the contention the attack was collateral was not
mentioned as a ground in Parkinson's motion for summary judgment. Because Parkinson's
collateral attack theory was not presented to the trial court in writing, it cannot be considered
as supporting summary judgment. City of Houston, 589 S.W.2d at 679.

 Without expressing any opinion about Parkinson's collateral attack defense presented
on appeal, Snider's sub-issue (a) of issue one is sustained. Our sustention of this
contention pretermits consideration of his remaining issues. Tex. R. App. P. 47.1.

 Accordingly, the judgment of the trial court is reversed and the cause is remanded 
for further proceedings.


 Don H. Reavis

 Justice


Do not publish.