Michael NICKERSON, Appellant,

v.

E.I.L. INSTRUMENTS, INC., Appellee.

No. 01–93–00493–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 21, 1994.

Rehearing Denied May 19, 1994.

George W. Dana, Houston, for appellant.

Judith Batson Sadler, Houston, for appellee.

Before WILSON, ANDELL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a take-nothing summary judgment in favor of appellee, E.I.L. Instruments, Inc. (EIL). We affirm.

EIL was an employer enrolled under the Emergency Veteran's Job Training Act of 1983. 29 U.S.C. § 1721 note (1988) (the Act). On January 28, 1985, appellant, Michael Nickerson, was hired as a repair and calibration technician by appellee. Because Nickerson was a veteran of the United States Armed Services, EIL was entitled under the Act to reimbursement for half of Nickerson's beginning wages for a period of up to nine months. Nickerson was laid off one year and three days after his employment began.

Nickerson sued EIL for damages for breach of contract, contending he was a third-party beneficiary to a contract formed between EIL and the United States government, acting through the Administrator of Veteran's Affairs, when the latter approved EIL's job training program under the Act. He alleged in his petition that EIL contracted, as part of the agreement, to provide him permanent employment at a job for which the government paid EIL to train him. He asserted that EIL never intended at the outset to hire him permanently, that EIL ostensibly terminated him because of a company "layoff," that he later learned there was no company layoff, that his position was quickly refilled, and that EIL simply took advantage of the government's reimbursement of a part of his wages without, for its part, honoring its promise made under the Act for his benefit.

EIL filed an answer and a motion for summary judgment, contending that: (1) the

trial court lacked subject matter jurisdiction; (2) appellant was an at-will employee; (3) there was no contract or, in the alternative, there was no breach of contract because the contract did not limit EIL's right to discharge appellant; and (4) appellant was not a third-party beneficiary to such contract.

In four points of error, Nickerson contends the trial court erred by granting summary judgment. We disagree and affirm the trial court's judgment.

■ In reviewing a summary judgment, this Court takes all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). Every reasonable inference is indulged, and every doubt resolved, in favor of the nonmovant. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). However, because the trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any theory EIL advanced in support of it is meritorious. *Insurance Co. of N. Am. v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex. App.—Houston [1st Dist.] 1990, no writ). Each of Nickerson's four points of error disputes one of the four theories EIL alleged entitled it to summary judgment. Because EIL prevails on its summary judgment if any of its theories is meritorious, Nickerson must show that none of EIL's theories is valid in order to obtain a reversal. *See id.*

### Subject Matter Jurisdiction

■ EIL first contends that because Nickerson sued for fraud under 31 U.S.C. §§ 3729–30 (1988), the trial court lacked subject matter jurisdiction. Nickerson relies on 31 U.S.C. § 3732, which provides:

(a) **Actions under section 3730.** Any action under section 3730 may be brought in any judicial district in which the defendant ... resides, transacts business, or in which any act proscribed by section 3729 oc-

curred. A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.

(b) **Claims under state law.** The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under section 3730.

31 U.S.C. § 3732(a), (b) (1988). However, Nickerson sued EIL for breach of contract, not fraud. Therefore, the above provisions do not apply to fix jurisdiction in the federal courts, and the trial court did not lack subject matter jurisdiction to rule on Nickerson's claim.

### Does a contract exist?

■ The Act is designed to address the unemployment problem among veterans by providing, in the form of payments to defray the costs of training, incentives to employers who hire and train wartime veterans. 29 U.S.C. § 1721 note, sec. 2 (1988). To be entitled to payments under the Act, an employer must submit to the Administrator of Veterans' Affairs a written application for approval of its job training program. *Id.* § 1721 note, sec. 7(c). Upon approval, the employer is entitled to reimbursement for the veteran trainee's beginning wages for a period not to exceed nine months.[1] *Id.* § 1721 note, sec. 5(c)(1), (2). The maximum possible reimbursement is $10,000 for each veteran trained. *Id.* § 1721 note, sec. 8(a)(2). Reimbursements to the employer are paid on either a monthly or quarterly basis. *Id.* § 1721 note, sec. 8(a)(1), (3).

The Act requires the employer to certify, among other things, that:

the **employer is planning** that, upon a veteran's completion of the program of job

---

**1.** The Act provides an exception for disabled veterans for which reimbursement is available up to 15 months.

training, the employer will employ the veteran in a position for which the veteran has been trained and that the **employer expects** that such a position will be available on a stable and permanent basis to the veteran at the end of the training period.

*Id.* § 1721 note, sec. 7(d)(1) (emphasis added).[2] The employer is not, however, required to certify it *will* employ the trained veteran on a permanent basis.

A valid contract requires an offer and acceptance, supported by consideration. *Smith v. Renz,* 840 S.W.2d 702, 704 (Tex.App.—El Paso 1992, writ denied). To be binding, the contract must contain all essential terms and be sufficiently certain to define the legal obligations of the parties. *Stinger v. Stewart & Stevenson Servs., Inc.,* 830 S.W.2d 715, 720 (Tex.App.—Houston [14th Dist.] 1992, writ denied). Thus, to find a valid and binding contract, and to sustain this portion of Nickerson's argument, this Court must conclude that:

1. EIL's application to the federal government to participate in the program constituted an offer;

2. the government's approval of EIL's application constituted an acceptance;

3. consideration existed in the form of EIL's hiring a veteran in return for reimbursement for one half of the veteran's wages during the training period; and

4. all essential terms are sufficiently certain to define the legal obligations of the parties.

When considered in the light most favorable to Nickerson, the nonmovant, the evidence may well show elements (1), (2), and (3) above, regarding the existence of a valid contract between the government and EIL for EIL to provide job training for one or more veterans, although we do not hold that such a contract exists. It is undisputed that Nickerson did receive such training. However, whether any such contract requires EIL to provide Nickerson or any other EIL-trained veteran permanent employment, depends upon whether permanent employment is an "essential term" of the contract. *See Stinger,* 830 S.W.2d at 720.

Nothing in the application EIL signed to participate in the program *required* it to hire Nickerson on a permanent basis. Instead, the application refers only to the employer/applicant's *plans* ("to employ the veteran in a position for which he has been trained") and *expectations* ("that such a position will be available on a stable and permanent basis").

This language is insufficient to make permanent employment an essential term of any contract. *See Moore v. Dilworth,* 142 Tex. 538, 179 S.W.2d 940, 942 (1944) (if an agreement is so indefinite as to make it impossible for a court to fix legal liability of the parties, it cannot constitute an enforceable contract); *Stinger,* 830 S.W.2d at 720 (where a time frame of approval could be any time in the future and for any period of time, a contract was too indefinite to be binding). Therefore, there is no contract enforceable in favor of Nickerson as a third-party beneficiary entitling him to permanent employment after completion of training.

Because EIL has shown at least one of its alleged grounds for summary judgment to be meritorious, i.e., that there was no contract between it and the government requiring EIL to hire Nickerson on a permanent basis, we do not need to consider its other contentions, or Nickerson's contests of them. EIL is entitled to have the summary judgment in its favor affirmed.

We overrule Nickerson's points of error and affirm the trial court's judgment.

---

**2.** This language in the Act differs slightly from the language contained in the actual application signed by appellee. The application reads: "The employer is *planning, upon the veteran's completion of the training program, to employ the veteran* in the position for which he or she has been trained. The employer *expects* that such a position will be available to the veteran on a stable and permanent basis at the end of the training period." (Emphasis added.)