Opinion issued July 29, 2004























In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00465-CV
____________
 
TIMOTHY GAVREL, ADMINISTRATOR OF THE ESTATE
OF PAULA GAVREL ASHER, DECEASED, Appellant
 
V.
 
JOHN F. NICHOLS SR., Appellee
 

 
 
On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2002-50219
 

 
 
MEMORANDUM OPINION
          Appellant, Timothy Gavrel (Gavrel), on behalf of the estate of Paula Gavrel
Asher (Asher), deceased, challenges the trial court’s rendition of summary judgment
in favor of appellee, John F. Nichols Sr. (Nichols), in this suit for breach of contract
and constructive fraud. In two issues, Gavrel contends that the trial court erred (1)
in granting Nichols’ “no-evidence” motion for summary judgment and (2) “if it
refused to consider Gavrel’s summary judgment evidence.” We affirm.
          Facts
          Robert Alexander (Alexander) consulted with Nichols, a personal injury
lawyer, about whether his stepmother, who had been injured while a resident of a
nursing home, could assert a personal injury claim against the nursing home. 
Following this meeting, Nichols contacted his son, John F. Nichols Jr., with the law
firm of Davis & Davis, to ask whether they would be interested in pursuing the case. 
After Davis & Davis indicated that it would accept the case, Alexander, as guardian
for his stepmother, employed both Nichols and Davis & Davis to represent her. Their
contract provided for attorney’s fees in the amount of “33 1/3 of any collection or
settlement made before, during[,] or after suit is filed or trial” and for “a referral or
forwarding fee” to “David & Davis Law Firm of Houston, TX which will also handle
the case.” Subsequently, Davis & Davis filed suit against the nursing home, the
nursing home settled the case for $3,000,000, and Nichols received a $300,000
contingent fee.
          At this point, Asher, an attorney who had previously referred personal injury
cases to Nichols, contacted Nichols and asserted that she had referred Alexander to
him and was entitled to a referral fee. In response, Nichols maintained that
Alexander, without a referral, had come to see him directly. Nevertheless, Nichols,
who was aware that Asher was suffering from terminal cancer, “gave” Asher
$106,000 of his fee.
          After Asher’s death, Gavrel, on behalf of Asher’s estate, sued Nichols for
breach of contract and constructive fraud, alleging that Nichols had failed to pay
Asher $227,333.33, as the outstanding balance of her fee. After the parties had
conducted discovery, Nichols filed his summary judgment motion, relying on
traditional and no-evidence grounds. Gavrel filed a response, along with affidavits
from Alexander and from his wife, Deborah. In his affidavit, Alexander stated that,
before he met with Nichols, he and Deborah had consulted with Asher regarding his
stepmother’s case, and Asher had “urged” them to retain Nichols. When Alexander
and his wife later met with Nichols, they told him that Asher referred them.
          Deborah Alexander stated, in her affidavit, that, after the nursing home had
settled the lawsuit, she went to see Asher to thank her for her part in the case. Upon
learning that the case had settled, Asher, in Deborah’s presence, telephoned Nichols
and “asked [him] about her referral fee.” Deborah stated that, over the speakerphone,
she heard Nichols tell Asher that “[he would] send [Asher] her check.”
          Following a hearing, the trial court signed an order granting Nichols’ “no-evidence motion for summary judgment.”
Standard of Review
          To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party’s claim. Tex.
R. Civ. P. 166a(i); Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d
830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Although the non-moving
party is not required to marshal its proof, it must present evidence that raises a
genuine fact issue on each of the challenged elements. Tex. R. Civ. P. 166a(i). A
no-evidence summary judgment motion may not properly be granted if the
non-movant brings forth more than a scintilla of evidence to raise a genuine issue of
material fact on the challenged elements. Id.; Spradlin v. State, 100 S.W.3d 372, 377
(Tex. App.—Houston [1st Dist.] 2002, no pet.). More than a scintilla of evidence
exists when the evidence “rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997). When reviewing a no-evidence summary
judgment motion, we assume that all evidence favorable to the non-movant is true and
indulge every reasonable inference and resolve all doubts in favor of the non-movant. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Spradlin, 100
S.W.3d at 377.
          When a trial court’s order does not specify the grounds under which summary
judgment was granted, we will affirm the judgment on any theory advanced in the
motion that is meritorious. Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d
170, 173 (Tex. 1995).
No-Evidence Summary Judgment
          In his first issue, Gavrel argues that the trial court erred in granting Nichols’
no-evidence summary judgment motion because Gavrel proved that (1) there was “a
referral fee agreement between Nichols and [Asher]” and “Nichols intentionally
breached it,” and (2) Nichols engaged in a “scheme” to “deprive [Asher] of her
rightfully earned referral fee,” which was an “independently tortious act.”
Breach of Contract
          In a breach of contract cause of action, a plaintiff must prove that (1) a valid
contract existed, (2) the plaintiff performed or tendered performance, (3) the
defendant breached the contract, and (4) the plaintiff was damaged as a result of the
breach. Valero Mktg. & Supply Co. v. Kalama Int’l, L.L.C., 51 S.W.3d 345, 351 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied). In regard to whether a contract is
valid, a plaintiff must prove that the parties agreed on all of the essential terms of the
contract and that the essential terms were sufficiently certain so as to define the
parties’ legal obligations. See Nickerson v. E.I.L. Instruments, Inc., 874 S.W.2d 936,
929 (Tex. App.—Houston [1st Dist.] 1994, writ denied). In his no-evidence summary
judgment motion, Nichols asserted that there was no evidence that “a valid and
enforceable contract existed, that [he] breached any contract, [or] that Asher was
damaged by any breach.”
          Gavrel asserts that he “presented ample evidence which, if believed by the
[t]rier of [f]act, would establish [the] existence of [a] referral fee agreement between
Nichols and the [d]eceased forwarding attorney Asher[,] which Nichols intentionally
breached.” As reflected by Gavrel’s record references, Alexander testified that, when
he and his wife met with Nichols, they told him that Asher had referred them to him
and Deborah Alexander testified that, when Asher telephoned Nichols in her presence
and “asked [him] about her referral fee,” Deborah had heard Nichols say that “[he
would] send [Asher] her check.”
          However, Gavrel makes no record references to evidence establishing that
Nichols and Asher agreed on all of the essential terms of their contract. An essential
term is one that the parties would have reasonably regarded, at the time of
contracting, as a vitally important ingredient in their bargaining. See Nelly v. Bankers
Trust Co. Of Tex., 757 F.2d 621, 630 (5th Cir. 1985) (applying Texas law). Although
Gavrel presented some evidence that Nichols had agreed to pay Asher a referral fee,
there is no evidence that Nichols and Asher had agreed upon a specific amount as a
referral fee. We conclude that a reasonable person, at the time of contracting, would
have regarded the amount of a referral fee as a “vitally important ingredient” of a
referral agreement. 
          Gavrel does note, generally, that Nichols admitted that, in regard to other cases
that Asher had previously referred to him, he had agreed to pay Asher a fee of one-third of any attorney’s fees recovered. Gavrel references these prior referral
agreements to support his argument that Nichols orally agreed to pay Asher one-third
of any attorney’s fees recovered in the case of Alexander’s stepmother. However, in
each of the previously referred cases, Nichols and Asher had either drafted a written
“Fee Sharing Agreement” or had noted their fee sharing arrangement on the “Personal
Injury Agreement of Employment” contracts that Nichols had entered into with his
clients. Here, there is no evidence of a memorialized referral fee agreement in the
case of Alexander’s stepmother, and the summary judgment evidence does not
support an inference that Nichols orally agreed to pay Asher one-third of the
recovered attorney’s fees.
          Moreover, Gavrel directs us to no evidence establishing that Nichols failed to
pay Asher any agreed upon referral fee. Gavrel notes that Nichols admitted that he
“gave” Asher $106,000 of his recovered fees, and Gavrel asserts that Nichols still
owes Asher an additional $227,333.33. However, because Gavrel failed to produce
summary judgment evidence establishing an agreement between Nichols and Asher
regarding the specific amount of a referral fee, we cannot conclude that, when
Nichols “gave” Asher $106,000, he gave her less than an agreed upon referral fee. 
See Dorsett v. Cross, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied) (breach of contract occurs when party fails or refuses to do something
that he has promised to do); Phillips v. Phillips, 820 S.W.2d 785, 788 (Tex. 1991)
(the universal rule for measuring damages for breach of contract is just compensation
for loss or damage actually sustained).
          We hold, therefore, that Gavrel did not produce more than a scintilla of
evidence to raise a genuine issue of material fact that Nichols breached any contract
with Asher or that Asher suffered damages as a result of any breach. Accordingly,
we further hold that, because Gavrel did not present any evidence to show any breach
of an alleged contract or damages resulting from such breach, which are essential
elements of a cause of action for breach of contract, the trial court did not err in
granting Nichols’ no-evidence motion for summary judgment on Gavrel’s claim for
breach of contract.
 

Constructive Fraud
          Constructive fraud is the breach of a legal or equitable duty that the law
declares fraudulent because it violates a fiduciary relationship. Stephanz v. Laird,
846 S.W.2d 895, 903 (Tex. App.—Houston [1st Dist.] 1993, writ denied). In a
constructive fraud cause of action, a plaintiff must prove that a fiduciary relationship
existed between the parties. Id. In his no-evidence summary judgment motion,
Nichols asserted that there was no evidence that “[he] owed a legal, equitable, or
fiduciary duty to Asher or breached a legal, equitable, or fiduciary duty to [her].”
          Gavrel asserts that he “presented ample evidence which, if believed by the
[t]rier of [f]act, would establish [the] existence of referral fee agreements between
Nichols and the [d]eceased forwarding attorney Asher[,] which Nichols intentionally
breached.” However, Gavrel directs us to no evidence establishing the existence of
a fiduciary relationship between Nichols and Asher. Although Nichols admitted that
he had known Asher for many years and had accepted client referrals from her on
several occasions, a fiduciary relationship does not arise simply because two people
have had a long-standing relationship and have contracted with each other on several
occasions. See Crim. Truck & Tractor Co. v. Navistar Int’l Transp. Corp., 823
S.W.2d 591, 594-95 (Tex. 1992). We hold, therefore, that Gavrel did not produce
more than a scintilla of evidence to raise a genuine issue of material fact that a
fiduciary relationship existed between Nichols and Asher.
          Accordingly, we further hold that, because Gavrel did not present any evidence
to show the existence of a fiduciary relationship, an essential element of a cause of
action for constructive fraud, the trial court did not err in granting Nichols’ no-evidence motion for summary judgment on Gavrel’s claim for constructive fraud.
          We overrule Gavrel’s first issue.
Summary Judgment Evidence
          In his second issue, Gavrel contends that the trial court erred “if it refused to
consider [his] summary judgment evidence.” (Emphasis added.)
          However, Gavrel has failed to establish that the trial court did, in fact, “refuse
to consider [his] summary judgment evidence.” Nichols filed a motion to strike
Gavrel’s summary judgment evidence on the grounds that the Alexanders’ affidavits
contained “inadmissable hearsay,” “irrelevant statements,” “factual conclusions,” and
“subjective opinions.” However, the record does not indicate that the trial court ruled
on Nichols’ motion to strike. See Tex. R. App. P. 33.1(a)(2)(A) (stating that, as a
prerequisite to presenting a complaint for appellate review, the record must show that
the trial court either expressly or implicitly ruled on a request, objection, or motion). 
Moreover, there is nothing in the record that demonstrates that the trial court “refused
to consider Gavrel’s summary judgment evidence” before granting Nichols’ no-evidence summary judgment motion. Accordingly, we hold that Gavrel has not
presented any error for our review on this issue.
          We overrule Gavrel’s second issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.