Opinion issued October 7, 200



4















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01006-CV
____________
 
NELDA LEAL D/B/A ROTATING
SERVICES INDUSTRIES, INC., Appellant
 
V.
 
KATHLEEN WEIGHTMAN, Appellee
 

 
 
On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 789,982
 

 

MEMORANDUM OPINION

          Appellant, Nelda Leal d/b/a Rotating Services Industries, Inc. (Leal),
challenges the trial court’s rendition of summary judgment in favor of appellee,
Kathleen Weightman (Weightman), in Leal’s suit for breach of a loan agreement. In
five issues, Leal contends that the trial court erred in granting Weightman’s no-evidence summary judgment motion because (1) Leal produced more than a scintilla
of evidence establishing the existence of an express oral contract; (2) Weightman, in
her motion, did not state the elements of Leal’s claim as to which there was no
evidence; (3) Leal produced more than a scintilla of evidence to establish the
existence of an implied contract; (4) Leal produced more than a scintilla of evidence
to establish her “unjust enrichment” cause of action; and (5) Weightman, in her
motion, did not argue that Leal had no evidence to support her “unjust enrichment”
cause of action. We reverse and remand in part and affirm in part.
          Facts
          Up until 1998, Weightman’s husband, now deceased, owned and operated
Rotating Services, Inc. (RSI), a business that repaired and sold parts for steam
turbines. However, in 1998, the Small Business Administration foreclosed on a loan
it had made to RSI, and Leal, who was employed by RSI, purchased the company at
a foreclosure sale. Thereafter, Leal renamed the company “Rotating Services
Industries, Inc.” and retained Weightman’s husband as an employee at a salary of
$3,362 per month.
          Following the foreclosure sale, Weightman and her husband, who were having
financial problems, approached Leal for help. Leal agreed to help them, and she
began sending checks to Weightman and to her husband. Leal also sent checks, on
the Weightmans’ behalf, to their attorney and to the Internal Revenue Service (IRS).
          In 2001, after spending an unspecified amount of time in prison, Weightman’s
husband died. Thereafter, Leal contacted Weightman and demanded that she repay
the money that Leal had given to Weightman and to her husband. When Weightman
refused, Leal filed this lawsuit, alleging that Weightman had breached a loan
agreement that she had entered into with Leal and that she owed Leal $66,551.72.
          In response, Weightman filed a no-evidence summary judgment motion,
asserting that Leal “[could not] prove the existence of a contract with [Weightman].” 
In support of her motion, Weightman attached deposition testimony from Leal, who
had testified that she and the Weightmans had never executed a written loan
agreement or a promissory note. Leal also testified that she and the Weightmans
never discussed “how much [of the alleged loan] was to be paid back,” “the payment
plan,” or “an interest rate.”
          Leal filed a response to Weightman’s motion, asserting that Leal and
Weightman had both an“[i]mplied in law” and an “[i]mplied in fact” contract, that
Leal “advanced monies to [Weightman] and/or [on] her behalf,” and that Leal
“expected to be paid.” In support of her response, Leal attached her own affidavit,
in which she stated that, in 1998, she had agreed to assist the Weightmans financially,
“with the understanding that they would pay me back.” Leal also explained that
Weightman’s husband had agreed to repay Leal when he was sentenced to “jail” or
when he was released. Leal also attached to her response copies of 21 checks that she
had written to Weightman, to Weightman’s husband, to their attorney, and to the IRS. 
The checks, totaling $63,248, were all drawn on the bank account of Rotating
Services Industries, Inc.
          On August 22, 2003, following a hearing, the trial court issued an order
granting Weightman’s no-evidence summary judgment motion. In its order, the trial
court concluded, in pertinent part, as follows:
[T]here is no evidence to support [Leal’s] claim that [Weightman]
entered into a contract to borrow money from [Leal], or that
[Weightman] entered into a loan contract with [Leal].No-Evidence Summary Judgment
          To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party’s claim. Tex.
R. Civ. P. 166a(i); Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d
830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Although the non-moving
party is not required to marshal its proof, it must present evidence that raises a
genuine fact issue on each of the challenged elements. Tex. R. Civ. P. 166a(i). A
no-evidence summary judgment motion may not properly be granted if the
non-movant brings forth more than a scintilla of evidence to raise a genuine issue of
material fact on the challenged elements. Id.; Spradlin v. State, 100 S.W.3d 372, 377
(Tex. App.—Houston [1st Dist.] 2002, no pet.). More than a scintilla of evidence
exists when the evidence “rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.” Merrell Dow Pharms. Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997). When reviewing a no-evidence summary
judgment motion, we assume that all evidence favorable to the non-movant is true, 
and we indulge every reasonable inference and resolve all doubts in favor of the
non-movant. Spradlin, 100 S.W.3d at 377.
Adequacy of Weightman’s Motion
          In her second issue, Leal argues that the trial court erred in granting
Weightman’s no-evidence summary judgment motion because the motion did not
state the elements of Leal’s claim as to which there was no evidence and that it was
“simply a conclusionary [sic] challenge to [Leal’s] case.”
          Rule 166a(i) provides that, to be entitled to no-evidence summary judgment,
a movant must specify, in his motion, that there is no evidence of one or more
essential elements of a claim or defense on which an adverse party would have the
burden of proof at trial. Tex. R. Civ. P. 166a(i).
          Here, Weightman, in her motion, specifically asserted that Leal “[could not]
prove the existence of a contract with [Weightman].” The existence of a valid
contract is an essential element of a breach of contract cause of action. Hussong v.
Schwan’s Sales Enters., Inc., 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.]
1995, no writ). Accordingly, because Weightman’s motion specified that Leal had
no evidence of an essential element of her breach of contract cause of action, we hold
that the motion complied with the requirements of Rule 166a(i).
          We overrule Leal’s second issue.
Express Oral Contract
          In her first issue, Leal argues that the trial court erred in granting Weightman’s
motion because “her affidavit and the checks received by [Weightman] and made
payable to [Weightman] and/or for her benefit” provide more than a scintilla of
evidence establishing that “[Weightman] entered into [an oral] contract to borrow
money from [Leal].”
          In a breach of contract cause of action, a plaintiff must prove that (1) a valid
contract existed; (2) the plaintiff performed or tendered performance; (3) the
defendant breached the contract; and (4) the plaintiff was damaged as a result of the
breach. Valero Mktg. & Supply Co. v. Kalama Int’l, 51 S.W.3d 345, 351 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). To be valid and binding, a contract must
contain all essential terms and be sufficiently certain so as to define the parties’ legal
obligations. See Nickerson v. E.I.L. Instruments, Inc., 874 S.W.2d 936, 939 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). Generally, in a contract to loan
money, the essential terms include (1) the amount to be loaned, (2) the maturity date
of the loan, (3) the interest rate, and (4) the repayment terms. T.O. Stanley Boot Co.
v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992). 
          Here, Leal notes that, in response to Weightman’s motion, she produced her
affidavit, in which she states that, in 1998, she had agreed to assist the Weightmans
financially “with the understanding that they would pay [her] back” and that 
Weightman’s husband had agreed to repay Leal either when he was sentenced to
“jail” or when he was released. Leal also produced copies of checks totaling $63,248
that she had written to Weightman, to Weightman’s husband, to their attorney, and
to the IRS.   
          Leal directs us to no evidence in the record indicating whether Weightman’s
husband had agreed to repay the full amount of the loan on a certain maturity date or
in installments. Moreover, Leal directs us to no evidence in the record indicating
whether the parties had agreed on a specific interest rate or whether they had agreed
that no interest would be paid. 
          At the time of contracting, the parties reasonably would have regarded a certain
maturity date, the repayment terms, and the amount and applicability of an interest
rate as essential terms defining the parties’ legal obligations. See id. Because Leal
did not produce more than a scintilla of evidence establishing that the parties had
agreed on the essential terms of a contract to loan money, we hold that Leal did not
produce more than a scintilla of evidence establishing the existence of an express oral
contract.
          We overrule Leal’s first issue.
Implied Contract
          In her third issue, Leal argues that the trial court erred in granting Weightman’s
motion because Leal produced more than a scintilla of evidence establishing the
existence of an implied contract.
          The elements of an implied contract are the same as those of an express
contract. Univ. Nat’l Bank v. Ernst & Whinney, 773 S.W.2d 707, 710 (Tex.
App.—San Antonio 1989, no writ). The only difference between the two is that, in
an express contract, the mutual assent of the parties is expressly stated, whereas in an
implied contract, the assent must be inferred from the circumstances of the
transaction. Id. 
          Here, as noted above, in her response, Leal did not produce more than a
scintilla of evidence establishing that the parties had agreed on a certain maturity
date, on repayment terms, or on the amount or applicability of an interest rate. There
is no evidence in the record to indicate that the parties, through their conduct, had
impliedly agreed on any of these essential terms of a contract to loan money. 
Accordingly, we hold that Leal did not produce more than a scintilla of evidence
establishing the existence of an implied contract.
          We overrule Leal’s third issue.
“Unjust Enrichment” Cause of Action
          In her fifth issue, Leal argues that the trial court erred in granting Weightman’s
motion in response to her claim for unjust enrichment because Weightman, in her
motion, did not argue that Leal had no evidence to support her unjust enrichment
cause of action.
          Leal amended her pleadings on August 14, 2003, eight days before the trial
court issued its order granting Weightman’s motion. In addition to alleging
additional facts and reasserting her breach of contract claim, Leal included the
following statement in the “Conditions Precedent” section of her amended petition:
“[Weightman] will be unjustly enriched if allowed to retain the monies an[d]/or
benefits paid to her and/or for her benefit without repayment.”
          Leal argues that, by including this sentence in the “Conditions Precedent”
section of her amended petition, she alleged an “unjust enrichment” cause of action
against Weightman. Leal further argues that, because Weightman, in her motion, did
not argue that Leal had no evidence to support her “unjust enrichment” cause of
action, the trial court erred in granting Weightman’s motion on this claim.
          In response to Leal’s argument, Weightman, citing Barnett v. Coppell North
Texas Court, Ltd., 123 S.W.3d 804, 816-17 (Tex. App.—Dallas 2003, no pet.), argues
that unjust enrichment “is not an independent cause of action in Texas.” Rather, it
is an “element” of a cause of action for restitution. Id. Moreover, Weightman argues
that Leal’s “mere mention of unjust enrichment” in her amended petition is not
sufficient to allege a cause of action for restitution.
          The Texas Supreme Court, however, has recognized unjust enrichment as a
cause of action. See, e.g., Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 683-85
(Tex. 2000). It has even recognized a two-year statute of limitations for unjust
enrichment claims. See HECI Exploration Co. v. Neel, 982 S.W.2d 881, 885 (Tex.
1998). A party may recover under an unjust enrichment theory when one person has
obtained a benefit from another by fraud, duress, or the taking of undue advantage. 
Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992). 
Furthermore, a pleading is sufficient if it gives fair and adequate notice of the facts
upon which the pleader bases his claim. Roark v. Allen, 633 S.W.2d 804, 810 (Tex.
1982). The purpose of this rule is to give the opposing party information sufficient
to enable him to prepare a defense. Id. The test of fair notice is “whether an
opposing attorney of reasonable competence, with the pleadings before him, can
ascertain the nature and the basic issues of the controversy and the testimony
probably relevant.” State Fid. Mortgage Co. v. Varner, 740 S.W.2d 477, 479 (Tex.
App.—Houston [1st Dist.] 1987, writ denied). 
          Here, we conclude that a reasonably competent attorney, with Leal’s amended
petition before him, would have been able to ascertain that Leal was attempting to
allege a cause of action for unjust enrichment. The record indicates that Weightman
did not move to strike Leal’s amended petition or challenge it by special exception. 
See Tex. R. Civ. P. 90. 
          We sustain Leal’s fifth issue.
Conclusion
          Having sustained Leal’s fifth issue, we need not address Leal’s fourth issue, in
which she argues that the trial court erred in granting Weightman’s no-evidence
summary judgment motion because Leal produced more than a scintilla of evidence
establishing her unjust enrichment cause of action. 
          We reverse that portion of the trial court’s summary judgment ruling that Leal
“take nothing” from Weightman in regard to Leal’s unjust enrichment claim, and we
remand that claim to the trial court for further proceedings. We affirm the trial
court’s judgment in all other respects.
                                                                        
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Bland.