MMP, LTD., A Texas Limited
Partnership, Petitioner,

v.

Robert C. JONES, Individually and
d/b/a Frank Jones Insurance
Agency, Inc., Respondent.

No. C–4509.

Supreme Court of Texas.

May 21, 1986.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for petitioner.

Charles E. Jones, Jr., Nunn, Griggs, Wetsel & Jones, Sweetwater, Tom Stolhandske, Stolhandske, Stolhandske & Conley, San Antonio, for respondent.

PER CURIAM.

This is an appeal from a summary judgment in a suit on a sworn account brought by Robert C. Jones, individually and doing business as Frank Jones Insurance Agency, Inc., against MMP, Ltd., a limited partnership. The trial court granted Jones' motion for summary judgment. The court of appeals affirmed. 695 S.W.2d 208. We reverse the judgment of the court of appeals and remand the cause to the trial court.

The summary judgment evidence shows that MMP, Ltd. was originally a limited partnership with MMP Corporation as a corporate general partner. A.N. Murray was both president of MMP Corporation and a limited partner in MMP, Ltd. In 1973, the parties cancelled the limited partnership agreement and agreed to continue as a general partnership. MMP Corporation managed and/or did business as the Downtown Motor Inn. Robert Jones furnished insurance coverage to the Downtown Motor Inn over a period from June 1974 to April 1978, when premiums became delinquent. The original endorsement showed the insured as "MMP Corporation and/or MMP, Ltd." Jones filed suit on June 15, 1982.

The summary judgment proof included two letters which the trial court interpreted as an acknowledgment of the debt at issue, which would otherwise be barred by the statute of limitations. *See former* Tex. Rev.Civ.Stat.Ann. art. 5539 (now Tex.Civ. Pract. & Rem. Code § 16.065). The first of these, dated November 14, 1974 and signed by A.N. Murray, concerns an agreement between Murray and some of the parties to

share the expenses of the Inn "on a ⅓ basis." The second of these, dated July 10, 1978, was from W. Ernest Norcross: it said that MMP Corporation would "make every effort" to start making payments of $1000 a month. MMP, Ltd. filed a response to the motion for summary judgment and controverting affidavits, disputing both the alleged acknowledgements and its liability for the debt incurred by its former corporate general partner, an allegedly separate entity.

To be entitled to summary judgment, the movant must conclusively prove all essential elements of his claim. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). The burden is on movant to show that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A(c). Evidence favorable to the nonmovant will be taken as true and every reasonable inference must be indulged in nonmovants, and any doubts resolved in their favor. *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 593 (Tex.1975). Here, the summary judgment evidence does not conclusively establish all essential elements of the plaintiff Jones' cause of action. The record as a whole shows that there is an issue of fact as to whether the 1978 letter is a sufficient acknowledgement, or new promise to pay, by MMP, Ltd. Because there is a genuine issue of material fact, summary judgment was not proper, and the decision of the court of appeals is in conflict with our opinions in *Clear Creek* and *Wilcox*.

Pursuant to Tex.R.Civ.P. 483, we grant writ of error, and, without hearing oral argument, reverse the judgment of the court of appeals and remand the cause to the trial court.