Theresa R. BECK, Appellant,

v.

**SEARS CONSUMER FINANCIAL CORP. f/k/a Allstate Enterprises, Inc., Appellee.**

No. 09 88 324 CV.

Court of Appeals of Texas, Beaumont.

April 27, 1989.

George E. Renneberg, Conroe, for appellant.

T. Lee Ramsey, Houston, for appellee.

## OPINION

BROOKSHIRE, Justice.

Sears Consumer Financial Corporation filed a suit to collect on certain promissory notes that were due and owing to it from Theresa R. Beck. Theresa R. Beck answered by filing a general denial. Thereafter, the Financial Corporation filed a motion for summary judgment which was the first motion for summary judgment filed. By its first motion for summary judgment the Financial Corporation pleaded and demonstrated its entire cause of action against Theresa R. Beck.

■ Two days before the first motion for summary judgment was heard and granted, the Appellant herein amended her pleadings. The summary judgment was granted on February 18, 1988. Appellant's first amended answer was filed on February 16, 1988. Under summary judgment practice the trial court was not obliged or obligated to consider the amended answer because it was filed too late. *TEX.R. CIV.P. 166a(c)*. No leave of court was sought or obtained. *Id.* The amended answer was filed with the County Clerk of Montgomery County; namely, Roy Harris, on February 16, 1988. Pleadings, of course, are not proof in a motion for summary judgment proceedings. An affidavit was attached to the late filed answer. No response was filed by Ms. Beck to the first motion for summary judgment filed by Sears Consumer Financial Corporation; the brief of Ms. Beck so concedes. In fact, at no time was a response filed to either one of the two motions for summary judgment filed herein by Sears Consumer Financial Corporation. *Rule 166a(c)* indicates convincingly that the preferred, professional practice is for the defending party to bring forth affidavits or other written responses. *TEX.R.CIV.P. 166a(c)*.

The amended answer, which also included a counterclaim as drafted, was not a response. Furthermore, it was not worded as to comply with the rules on motion for summary judgment practice. It could not be considered as a proper counter or opposing affidavit. *TEX.R.CIV.P. 166a(e)*.

■ Hence, the trial judge correctly entered a judgment in favor of Sears Consumer Financial Corporation on its first motion for summary judgment. That first summary judgment has not been appealed from; it has become final. The Appellant has not attacked it, failing to urge any point of error concerning it. The dissent so concedes. Considerably later, the financial corporation filed a second, separate motion for summary judgment relevant and germane to Ms. Theresa Beck's counterclaim. Before filing this second motion for summary judgment, discovery proceedings were undertaken and completed. A deposition of Ms. Beck was obtained.

Again, there was no response whatsoever filed in opposition to the Financial Corporation's second motion for summary judgment. Then a second summary judgment was entered in favor of Sears Consumers Financial Corporation f/k/a Allstate Enterprises, Inc., against Theresa R. Beck. This summary judgment was signed and entered November 10, 1988. It properly decreed that all the issues raised by all the parties were disposed of and in a formal, correct paragraph ordered that Theresa R. Beck take nothing against the plaintiff, Sears Consumer Financial Corporation f/k/a Allstate Enterprises, Inc. This judgment was also filed on November 10, 1988, with Roy Harris, the County Clerk of Montgomery County. Under the applicable rules we decide that there was no summary judgment response or proper summary judgment proof proffered by Ms. Theresa R. Beck to defeat either one of the two motions for summary judgment filed by the Financial Corporation. Under this record the trial court's judgment should be affirmed and it is affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority holds there was no summary judgment response or proper summary judgment proof offered by Ms. Beck to defeat either one of the two motions for summary judgment. This is improperly placing the burden. The majority states that "Rule 166a(c) indicates convincingly that the preferred, professional practice is for the defending party to

bring forth affidavits or other written responses". I find no such pronouncement in the rule. It simply states "... the adverse party ... may file and serve opposing affidavits or other written response." Numerous cases hold that the non-movant, Ms. Beck, was under no obligation to file any response. It is the movant in a summary judgment proceeding that must show entitlement to judgment as a matter of law. *M.M.P., Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). Appellant does not quarrel with the granting of the first motion for summary judgment. Appellee must have realized the counterclaim was still pending because appellee filed an answer and a subsequent motion for summary judgment on the counterclaim. This second motion, however, only referred back to the first motion and did not, in my opinion, address the DTPA counterclaim. Appellee furnished no additional summary judgment evidence other than the affidavits attached to the first motion for summary judgment. These affidavits do not show, as a matter of law, that appellant had no cause of action under the DTPA. In fact, they do nothing but establish appellee's original cause of action without addressing the counterclaim. I would hold the trial court erred in granting the summary judgment on the counterclaim and reverse and remand for a trial on that issue. Because the majority affirms, I respectfully dissent.