# HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellant,

v.

# MIDWEST CONSTRUCTION COMPANY, Appellee.

## No. 14–98–01285–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 15, 2000.

Rehearing Overruled Sept. 7, 2000.

---

Bruce S. Powers, Houston, for appellants.

Jennifer L. Davis, Houston, for appellees.

Panel consists of Justices SEARS, DRAUGHN, and LEE.*

* Senior Justices Ross A. Sears, Joe L. Draughn and Norman Lee sitting by assign-

**OPINION**

JOE L. DRAUGHN, Justice (Assigned).

This is an appeal from the granting of a summary judgment in favor of appellee Midwest Construction Company (Midwest) against appellant Harris County Flood Control District (the District). Appellant complains on appeal that the trial court erred in granting Midwest's motion for summary judgment and in denying the District's concurrent motion. We affirm.

In 1991, Midwest and the District entered into a contract for the construction of certain channel improvements along Sims Bayou, the purpose of which was to improve drainage along the bayou. The contract was substantially completed in 1993, but a dispute arose between the parties as to payment for excavation related to installation of riprap and bedding material. Midwest submitted an invoice for excavation regarding the riprap and bedding portion of the project, which invoice was rejected by the District. It was the District's position that such excavation was "incidental to" the riprap and bedding portion of the project, such that it was not payable separate and apart from the riprap and bedding contract price.

Midwest filed suit for breach of contract for the District's refusal to pay the invoice. The District filed for summary judgment, alleging that under the contract, all disputes were to be submitted to the project engineer, and that his decision would be final and binding. As the project engineer had rejected Midwest's claim and Midwest failed to show partiality, fraud, misconduct or gross error on the project engineer's part, the District was entitled to summary judgment that Midwest take nothing under its lawsuit. Midwest counter-filed for summary judgment under its breach of contract allegations. The trial court denied the District's motion and granted that of Midwest, ruling that the contract was

ment.

unambiguous as a matter of law and that under the plain terms of the contract, Midwest was entitled to payment for all excavation and removal in connection with installation of the riprap and bedding material. Judgment was entered for Midwest in an amount of $272,777.01 plus costs, attorney's fees and interest.

In essence, the District's position is that the installation of riprap and bedding material was a specific contract provision that *included* excavation, such that excavation was not to be separately invoiced and paid; Midwest, on the other hand, contends that the riprap and bedding material provisions did not state that excavation was included and not to be separately compensated. Under the District's argument, an ambiguity existed between the general and the specific provisions, which was resolved against Midwest by the project engineer. Midwest argued that there was no ambiguity under the payment provisions, and that the engineer's decision violated the contract by altering, varying and amending the plain terms of the agreement.

Under the contract's "General Project Description,"

> B. *Channel Excavation and Disposal* (Approximately 555,000 cubic yards) Work under this item shall include excavating the channel of Flood Control Unit C 100–00–00 and excavating the interceptor ditches to the line and grade shown on the PLANS, or as subsequently modified by the Flood Control Engineer, and the disposal of the excess excavated material. . . .
>
> Payment will be based on the unit price per cubic yard, as bid, and shall be full compensation for completing all items of excavation, hauling, and disposal as specified.

> \* \* \* \*

> D. *Riprap and Bedding* . . . .
> Work under this item shall include furnishing all labor, material, etc. to place the required thickness of riprap

and bedding material as indicated on the PLANS or as directed by the Flood Control Engineer.

> Payment will be based on the unit price per square yard, as bid, for riprap and for bedding material of thickness specified and shall be full compensation for performing all items of work as indicated or as outlined above, complete in place.

In submitting the disputed invoice, Midwest relied on subsection B, which provided for excavation payment; in denying the invoice, the District relied on subsection D, and argued that payment for excavation incidental to riprap and bedding material was covered under subsection D, not B, and was not to be separately paid. As previously stated, the District argued that this was a dispute involving interpretation of the contract, which gave rise to the Engineer's right to resolve the dispute in favor of the District under Section 4 of the contract. Section 4 provides that:

## SECTION 4. GENERAL PROVISIONS

> 4.4 Authority of Engineer. The work shall be done under the direct supervision of the Engineer and to his satisfaction. The Engineer shall decide . . . all questions which may arise as to the interpretation of the plans and specifications. . . . His decision shall be final . . . *But nothing contained in this section shall be construed to authorize the Engineer to alter, vary, or amend any of the plain terms or provisions of these specifications or the contract.* (emphasis added).

In reviewing a summary judgment, this Court must apply the standards established in *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985). A motion for summary judgment must state the specific grounds therefor. Tex.R. Civ. P. 166a(c). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of materi-

al fact and that he is entitled to judgment as a matter of law. *Id.* A movant must either prove all essential elements of his claim, *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986), or negate at least one essential element of the non-movant's cause of action. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

We find that a simple reading of the contractual provisions shows that excavation completed in regards to the riprap and bedding material was to be compensated under the general excavation payment provisions, and was not specifically included under the riprap and bedding material provisions. By not paying Midwest's invoice for the excavation, the District breached the contract. The engineer's decision under Section 4.4 not to pay the invoice under his interpretation of the contract provisions was an unauthorized alteration, variance or amendment to the plain terms of the contract. Thus, it was not necessary for Midwest to bring forth evidence of fraud, misconduct or such gross mistake on the part of the engineer as would imply bad faith or failure to exercise an honest judgment.

For these reasons, the trial court did not err in granting Midwest's motion for summary judgment and in denying the District's motion, and we affirm the judgment below.