COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-102-CV

 

 

ALLEGHENY CASUALTY AGENT,                                           APPELLANT

JIM ALEXANDER D/B/A

AAA BAIL BONDS

                                                   V.

 

DAVID
WALKER,                                                           APPELLEE        

WISE COUNTY SHERIFF

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In two
issues, Appellant Allegheny Casualty Agent, Jim Alexander d/b/a AAA Bail Bonds
(AAllegheny@)
asserts that the trial court erred by granting Appellee Wise County Sheriff
David Walker=s motion for summary judgment
and denying Allegheny=s motion for summary
judgment.  We affirm.

II. 
Factual and Procedural History

Two
lists hang beside each other in the lobby of the Wise County jail in Decatur,
Texas.  One is a list of licensed
bondsmen for Wise County.[2]  The other, entitled AWise
County Criminal Defense Attorneys,@ is a
list that contains the names and phone numbers of criminal defense attorneys Awho
regularly practice in Wise County,@
according to the Wise County jail administrator.  See Exhibit 2 to this opinion.  This latter list, which has been posted for
at least ten years, is the subject matter of this appeal.

In June
2008, Allegheny filed suit against Walker, seeking a declaratory judgment that
posting this list of attorneys, which he alleges includes only those Wise
County attorneys whom the sheriff has approved to write bonds, violates state
law.  Walker responded with a general denial
and various affirmative defenses.








In
September 2008, Allegheny filed a motion for summary judgment, arguing that the
list violated section 1704.304(b) of the Texas Occupations Code.  Allegheny attached two exhibits to his
motion.  The first exhibit is a two-page
document listing twenty-three attorneys, entitled AWise
County Criminal Defense Attorneys,@ with ALast
Bond Date@ and a date beside twelve of the
names and ANone@ beside
the rest of the names.  See
Exhibit 1 to this opinion.  The other
exhibit is an affidavit from Allegheny=s
attorney, averring that the first exhibit Ais a
true and correct copy of the document [he] received from the Sheriff=s office
in this case,@ and setting out his testimony
on attorney=s fees.

In his
response, Walker argued that the list of criminal defense attorneys posted in
the jail was an informational posting that did not recommend, refer, or endorse
any particular lawyer, surety, or group of sureties.  He attached photos of the list in the lobby
as one exhibit.  See Exhibit 2 to
this opinion.  He also attached the
affidavit of the Wise County jail administrator, which states that the photos
of the list attached to the affidavit Aaccurately
depict the information in the lobby of the Wise County Jail,@ and
refers to the list as Aan informational posting
entitled >Wise County Criminal Defense
Attorneys.=@  He also attached two attorney general
opinions interpreting section 1704.304(a)B(b).








In
November 2008, Walker filed a cross motion for summary judgment, requesting a
declaratory judgment from the trial court that the list is not a prohibited
referral of a bail bond surety under section 1704.304(b). 

In
January 2009, Walker filed objections to, and a motion to strike, the document
attached to Allegheny=s motion, arguing, inter alia,
that it was not a copy of the list posted in the jail.  On January 21, 2009, after considering the
parties=
pleadings, evidence, and arguments, the trial court denied Allegheny=s motion
for summary judgment, sustained Walker=s
objections and motion to strike, granted Walker=s cross
motion for summary judgment, and denied both parties=
requests for attorneys= fees.  This appeal followed.

III. 
Standard of Review








A
defendant who conclusively negates at least one essential element of a cause of
action is entitled to summary judgment on that claim.  IHS Cedars Treatment Ctr. of DeSoto, Tex.,
Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see Tex. R.
Civ. P. 166a(b), (c).  A plaintiff is
entitled to summary judgment on a cause of action if it conclusively proves all
essential elements of the claim.  See Tex.
R. Civ. P. 166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.
1986).  When both parties move for
summary judgment and the trial court grants one motion and denies the other,
the reviewing court should review both parties= summary
judgment evidence and determine all questions presented.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  The
reviewing court should render the judgment that the trial court should have
rendered.  Id.

When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s favor.  IHS Cedars Treatment Ctr., 143 S.W.3d
at 798. 

IV. 
Analysis

A.  Chapter 1704 of the Texas Occupations Code

A Abail
bond surety@ is Aa person
who (A) executes a bail bond as a surety or cosurety for another person; or (B)
for compensation deposits cash to ensure the appearance in court of a person
accused of a crime.@ 
Tex. Occ. Code Ann. '
1704.001(2) (Vernon Supp. 2009).  Section
1704.304, entitled AProhibited Recommendations or
Solicitations; Offense,@ states in pertinent part:

(a) A bail bond surety . . . may not recommend or suggest to a person
for whom the bail bond surety executes a bond the employment of an attorney or
law firm in connection with a criminal offense.

 

(b) The following persons may not recommend a particular bail bond
surety to another person:

(1) a police officer, sheriff, or deputy;








(2) a constable, jailer, or employee of a law enforcement agency;

(3) a judge or employee of a court;

(4) another public official;  or

(5) an employee of a related agency.

 

(c) A bail bond surety . . . may not solicit bonding business in a
police station, jail, prison, detention facility, or other place of detainment
for persons in the custody of law enforcement.

 

Id. ' 1704.304(a)B(c)
(Vernon 2004).  

Under
chapter 1704, a person may not act as a bail bond surety unless he or she holds
a license or meets the attorney exemption set out in section 1704.163.  Id. '
1704.151 (Vernon 2004).  Section 1704.163
states in pertinent part:

(a) Except as provided by this section, a person not licensed under
this chapter may execute a bail bond or act as a surety for another person in
any county in this state if the person:

 

(1) is licensed to practice law in this state;
and

 

(2) at the time the bond is executed or the person acts as a surety,
files a notice of appearance as counsel of record in the criminal case for
which the bond was executed or surety provided or submits proof that the person
has previously filed with the court in which the criminal case is pending the
notice of appearance as counsel of record.

 

Id. ' 1704.163(a)(1)B(2)
(Vernon Supp. 2009).








In sum,
then, under chapter 1704, bail bond sureties may not recommend lawyers,
officials may not recommend bail bond sureties, and bail bond sureties may not
solicit business where their clients are heldCinstead,
a list of all the bail bond sureties in the county must be posted.  See id. '' 1704.105(b),
.151, .304.  But while bail bond sureties
may not recommend lawyers, if a lawyer has appeared as the attorney of record
for a person in a criminal case, he or she can act as that person=s bail
bond surety.  See id. ' 1704.163.


The
dispositive issue here is whether the controversial list posted next to the one
required by section 1704.105(b) constitutes a recommendation of particular
sureties in violation of section 1704.304(b).

B.  Attorney General Opinions

Although
the opinions of the Texas Attorney General are not controlling authority, they
may be cited as persuasive authority.  See,
e.g., HEB Ministries, Inc. v. Tex. Higher Educ. Coordinating Bd., 235
S.W.3d 627, 661 n.148 (Tex. 2007); Comm=rs Court
of Titus County v. Agan, 940 S.W.2d 77, 82 (Tex. 1997).  Because there is no controlling authority
interpreting subsection (b) of section 1704.304, we turn for guidance to the
two attorney general opinions to which the parties refer us.








Opinion
GA-0089 interprets subsections (a) and (b) of section 1704.304 in light of the
following question:  whether these
statutes prohibit only a single recommendation, while allowing a list
containing multiple attorneys or bondsmen to be distributed, or do they
prohibit any recommendations, no matter how numerous, of attorneys or bondsmen?[3]  Op. Tex. Att=y Gen.
No. GA-0089 (2003).  The opinion
construes subsection (b) to prohibit Aa
covered person@ under the statute from
recommending any specific bail bond sureties.  Id. 
And it construes subsection (a) to prohibit a bail bond surety from
recommending an attorney to his client either individually or as part of a
selected list.  Id.  The opinion defines Arecommend@ as Ato
commend or bring forward explicitly as meriting consideration, acceptance or
adoption, to make a commendatory statement concerning.@  Id. 
This opinion, however, is not germane to the determination of whether
the controversial list here constitutes a surety recommendationCthat is,
it does not address whether a Acovered
person@ can
post a list of criminal defense attorneys when the information about being a
surety is not included in the list.  See
id. 

Opinion
GA-0381 addresses several questions, including 








whether a county may post signs in the county jail informing persons
in custody about the availability of personal bonds administered by the
personal bond office and providing the office=s telephone number . . .
, whether the county may post similar signs informing persons in custody about
a defendant=s options to execute a
bail bond and deposit money in lieu of obtaining a surety=s signature on the bond.
. . .  [and w]hether, in light of opinion
GA-0089, a county may post a sign in its jail that informs persons in custody
of the right to make bail utilizing a surety bond and provides the telephone
number of a surety bond referral service. 

 

Op. Tex. Att=y Gen.
No. GA-0381 (2005).  








The
opinion indicates that the county can post signs about statutory provisions for
executing a bail bond secured by money or a personal bond and the phone number
of the personal bond office, but it states that the county cannot post the
phone number of a bail bond referral service unless it could do so in a manner
that would not constitute a prohibited referral under section 1704.304(b).  Id. 
Specifically, the attorney general opines that section 1704.304(b) would
prohibit the posting of the bail bond referral service phone number if Ait is
essentially a means for a sheriff, deputy, jailer, or other person to recommend
a surety or group of sureties . . . [; d]epending on the facts, posting a
referral service telephone number in a county jail may raise a question whether
the sheriff is illegally recommending a surety or sureties.@  Id. 
Further, the posting could be inconsistent with section 1704.105(b)=s
required posting of a Alist of each licensed bail bonds
surety . . . in a county@ because it theoretically might
not be a complete list but rather a list of only those subscribing to the
referral service.  See id.; Tex. Occ. Code
Ann. ' 1704.105(b).  We conclude that this opinion, like opinion
GA-0089, is also not a directive to this court as to whether the controversial
list is a recommendation of particular sureties because it fails to address the
particular facts before us here.

C.  Allegheny=s
Reasoning

Allegheny
posits several theories as to why the list in question violates section
1704.304(b).  First, he asserts that Aunder
the plain meaning of the statute, the posting of any list other than the one
mandated by statute would violate this section of the Texas Occupations Code.@  This is incorrect.  The statute prohibits the sheriff from
recommending Aa particular bail bonds
surety to another person.@  See Tex. Occ. Code Ann. ' 1704.304(b)
(emphasis added); see also Op. Tex. Att=y Gen.
No. GA-0089 (A[S]ection 1704.304(b) prohibits
a covered person from recommending any specific bail bond sureties.@).  However, the attached list contains the names
and phone numbers of attorneys, under the heading AWise
County Criminal Defense Attorneys.@  It does not identify them as bail bond
sureties, and it most certainly does not appear in any way to recommend them to
anyone as such.  See Exhibit 2 to
this opinion.  Nor does it single out any
one lawyer or group of lawyers over another or over the listed bail bond
sureties.








Allegheny
next seems to argue that attorney general opinion GA-0089 supports his position
regarding the posted list, complaining, AThe
Attorney General stated that this statute prohibited the affected persons from
making any recommendations of attorneys, law firms or bail bond sureties.@  However, as previously recounted above, the
opinion does not support his argument, nor does the statute=s plain
language.  See  Op. Tex. Att=y Gen.
No. GA-0089; see also Tex. Occ. Code Ann. ' 1704.304(a)B(b)
(stating that a bail bond surety may not recommend an attorney and that an
official may not recommend a particular bail bond surety).

Allegheny
also argues that Athe posting of a second list of
individuals who the Sheriff represents may write bail bonds in Wise County is
improper because the Sheriff is representing to the public that these
individuals may write bonds for anyone and not just individuals whom the
attorney already represents.@  He claims that this results in putting
licensed bondsmen Aon equal footing in the jail
with individuals who are [sic] even eligible to write bonds for the public at
large.@  Again, however, we observe that the mere
posting of a list of criminal defense attorneys next to the required list of
licensed bail bond sureties, without more, does not represent that the defense
attorneys may also write bail bonds.








Therefore,
we hold that the list in question does not Arecommend
a particular bail bond surety to another person@ and
that the granting of Walker=s motion
for summary judgment, and the denial of Allegheny=s, was
proper.  We overrule Allegheny=s two
issues.  

D.  Allegheny=s Other
Issues

In a
section entitled, AOther Issues,@
Allegheny also complains that the trial court should not have stricken his
summary judgment evidence and that if he prevails on appeal, his claim for
attorney=s fees
should be remanded.

The
trial court struck the document attached to Allegheny=s
motion.  The document in question,
entitled AWise County Criminal Defense
Attorneys,@ 
listed twenty-three attorneys= names
and the last date those attorneys had written a bond, or ANone@ if they
had not written any bonds.  See Exhibit
1 to this opinion.  Walker=s
attorney moved to strike the list, complaining that it had never been posted or
publicly available anywhere in the Wise County jail and that the list
constituted inadmissible hearsay, was unauthenticated, and Aits
origin is not revealed anywhere in the Plaintiff=s
summary judgment evidence.@








Assuming
without deciding that it was error to exclude the document, neither its
presence nor absence as summary judgment evidence can alter this opinion=s
holdings.  There is no evidence that the
document was posted in the jail, and the document itself, when compared to the
list at issue, demonstrates that half of the attorneys on the list do not write
bonds.  Therefore, it undermines, rather
than supports, Allegheny=s argument that the sheriff
violated section 1704.304(b) by recommending the attorneys on the list as
sureties in competition with the licensed bondsmen in the section 1704.105(b)
list.

Because
Allegheny has not prevailed in his appeal, we need not address his request for
a remand on the attorney=s fees issue.  We overrule Allegheny=s Aother
issues.@    

V. 
Conclusion

Having
overruled all of Allegheny=s
issues, we affirm the trial court=s
judgment.

 

BOB MCCOY

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and
MCCOY, JJ.

 

DELIVERED: December 10, 2009











 
 
 
 
 




 











 
 
 
 
 




 








 




 
 
 
 
 




 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Occ. Code Ann. ' 1704.105(b) (Vernon
2004) (stating that a list of each licensed bail bond surety and each licensed
agent of a corporate surety in a county must be displayed at each location
where prisoners are examined, processed, or confined).





[3]Although the question
blends subsections (a) and (b), the opinion addresses each subsection
separately, and the statutory language itself makes clear that under subsection
(a), the limitation on recommending attorneys refers to sureties, and under
subsection (b), the limitation on recommending sureties refers to the listed
public officials.  See Tex. Occ.
Code Ann. ' 1704.304(a)B(b).