

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS

### FORT WORTH

NO. 2-09-102-CV

ALLEGHENY CASUALTY AGENT,                                     APPELLANT
JIM ALEXANDER D/B/A
AAA BAIL BONDS

V.

DAVID WALKER,                                              APPELLEE
WISE COUNTY SHERIFF

------------

## FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In two issues, Appellant Allegheny Casualty Agent, Jim Alexander d/b/a

AAA Bail Bonds ("Allegheny") asserts that the trial court erred by granting

---

[1] *See* Tex. R. App. P. 47.4.

Appellee Wise County Sheriff David Walker's motion for summary judgment and denying Allegheny's motion for summary judgment. We affirm.

## II. Factual and Procedural History

Two lists hang beside each other in the lobby of the Wise County jail in Decatur, Texas. One is a list of licensed bondsmen for Wise County.[2] The other, entitled "Wise County Criminal Defense Attorneys," is a list that contains the names and phone numbers of criminal defense attorneys "who regularly practice in Wise County," according to the Wise County jail administrator. *See* Exhibit 2 to this opinion. This latter list, which has been posted for at least ten years, is the subject matter of this appeal.

In June 2008, Allegheny filed suit against Walker, seeking a declaratory judgment that posting this list of attorneys, which he alleges includes only those Wise County attorneys whom the sheriff has approved to write bonds, violates state law. Walker responded with a general denial and various affirmative defenses.

In September 2008, Allegheny filed a motion for summary judgment, arguing that the list violated section 1704.304(b) of the Texas Occupations

---

[2] *See* Tex. Occ. Code Ann. § 1704.105(b) (Vernon 2004) (stating that a list of each licensed bail bond surety and each licensed agent of a corporate surety in a county must be displayed at each location where prisoners are examined, processed, or confined).

Code. Allegheny attached two exhibits to his motion. The first exhibit is a two-page document listing twenty-three attorneys, entitled "Wise County Criminal Defense Attorneys," with "Last Bond Date" and a date beside twelve of the names and "None" beside the rest of the names. *See* Exhibit 1 to this opinion. The other exhibit is an affidavit from Allegheny's attorney, averring that the first exhibit "is a true and correct copy of the document [he] received from the Sheriff's office in this case," and setting out his testimony on attorney's fees.

In his response, Walker argued that the list of criminal defense attorneys posted in the jail was an informational posting that did not recommend, refer, or endorse any particular lawyer, surety, or group of sureties. He attached photos of the list in the lobby as one exhibit. *See* Exhibit 2 to this opinion. He also attached the affidavit of the Wise County jail administrator, which states that the photos of the list attached to the affidavit "accurately depict the information in the lobby of the Wise County Jail," and refers to the list as "an informational posting entitled 'Wise County Criminal Defense Attorneys.'" He also attached two attorney general opinions interpreting section 1704.304(a)–(b).

In November 2008, Walker filed a cross motion for summary judgment, requesting a declaratory judgment from the trial court that the list is not a prohibited referral of a bail bond surety under section 1704.304(b).

In January 2009, Walker filed objections to, and a motion to strike, the document attached to Allegheny's motion, arguing, inter alia, that it was not a copy of the list posted in the jail. On January 21, 2009, after considering the parties' pleadings, evidence, and arguments, the trial court denied Allegheny's motion for summary judgment, sustained Walker's objections and motion to strike, granted Walker's cross motion for summary judgment, and denied both parties' requests for attorneys' fees. This appeal followed.

## III. Standard of Review

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see* Tex. R. Civ. P. 166a(b), (c). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions

4

presented.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  The reviewing court should render the judgment that the trial court should have rendered.  *Id.*

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 798.

IV.  Analysis

A.  Chapter 1704 of the Texas Occupations Code

A "bail bond surety" is "a person who (A) executes a bail bond as a surety or cosurety for another person; or (B) for compensation deposits cash to ensure the appearance in court of a person accused of a crime."  Tex. Occ. Code Ann. § 1704.001(2) (Vernon Supp. 2009).  Section 1704.304, entitled "Prohibited Recommendations or Solicitations; Offense," states in pertinent part:

> (a) A bail bond surety . . . may not recommend or suggest to a person for whom the bail bond surety executes a bond the employment of an attorney or law firm in connection with a criminal offense.
>
> (b) The following persons may not recommend a particular bail bond surety to another person:
> (1) a police officer, sheriff, or deputy;

5

(2) a constable, jailer, or employee of a law enforcement agency;

(3) a judge or employee of a court;

(4) another public official;  or

(5) an employee of a related agency.

(c) A bail bond surety . . . may not solicit bonding business in a police station, jail, prison, detention facility, or other place of detainment for persons in the custody of law enforcement.

*Id.* § 1704.304(a)–(c) (Vernon 2004).

Under chapter 1704, a person may not act as a bail bond surety unless he or she holds a license or meets the attorney exemption set out in section 1704.163.  *Id.* § 1704.151 (Vernon 2004).  Section 1704.163 states in pertinent part:

(a) Except as provided by this section, a person not licensed under this chapter may execute a bail bond or act as a surety for another person in any county in this state if the person:

(1) is licensed to practice law in this state; and

(2) at the time the bond is executed or the person acts as a surety, files a notice of appearance as counsel of record in the criminal case for which the bond was executed or surety provided or submits proof that the person has previously filed with the court in which the criminal case is pending the notice of appearance as counsel of record.

*Id.* § 1704.163(a)(1)–(2) (Vernon Supp. 2009).

In sum, then, under chapter 1704, bail bond sureties may not recommend lawyers, officials may not recommend bail bond sureties, and bail bond sureties

6

may not solicit business where their clients are held—instead, a list of all the bail bond sureties in the county must be posted. *See id.* §§ 1704.105(b), .151, .304. But while bail bond sureties may not recommend lawyers, if a lawyer has appeared as the attorney of record for a person in a criminal case, he or she can act as that person's bail bond surety. *See id.* § 1704.163.

The dispositive issue here is whether the controversial list posted next to the one required by section 1704.105(b) constitutes a recommendation of particular sureties in violation of section 1704.304(b).

B. Attorney General Opinions

Although the opinions of the Texas Attorney General are not controlling authority, they may be cited as persuasive authority. *See, e.g., HEB Ministries, Inc. v. Tex. Higher Educ. Coordinating Bd.*, 235 S.W.3d 627, 661 n.148 (Tex. 2007); *Comm'rs Court of Titus County v. Agan*, 940 S.W.2d 77, 82 (Tex. 1997). Because there is no controlling authority interpreting subsection (b) of section 1704.304, we turn for guidance to the two attorney general opinions to which the parties refer us.

Opinion GA-0089 interprets subsections (a) and (b) of section 1704.304 in light of the following question: whether these statutes prohibit only a single recommendation, while allowing a list containing multiple attorneys or bondsmen to be distributed, or do they prohibit any recommendations, no

matter how numerous, of attorneys or bondsmen?[3]  Op. Tex. Att'y Gen. No.

GA-0089 (2003).  The opinion construes subsection (b) to prohibit "a covered

person" under the statute from recommending *any* specific bail bond sureties.

*Id.*  And it construes subsection (a) to prohibit a bail bond surety from

recommending an attorney to his client either individually or as part of a

selected list.  *Id.*  The opinion defines "recommend" as "to commend or bring

forward explicitly as meriting consideration, acceptance or adoption, to make

a commendatory statement concerning."  *Id.*  This opinion, however, is not

germane to the determination of whether the controversial list here constitutes

a surety recommendation—that is, it does not address whether a "covered

person" can post a list of criminal defense attorneys when the information

about being a surety is not included in the list.  *See id.*

> Opinion GA-0381 addresses several questions, including
>
> whether a county may post signs in the county jail informing
> persons in custody about the availability of personal bonds
> administered by the personal bond office and providing the office's
> telephone number . . . , whether the county may post similar signs
> informing persons in custody about a defendant's options to

---

   [3] Although the question blends subsections (a) and (b), the opinion addresses each subsection separately, and the statutory language itself makes clear that under subsection (a), the limitation on recommending attorneys refers to sureties, and under subsection (b), the limitation on recommending sureties refers to the listed public officials.  *See* Tex. Occ. Code Ann. § 1704.304(a)–(b).

> execute a bail bond and deposit money in lieu of obtaining a surety's signature on the bond. . . . [and w]hether, in light of opinion GA-0089, a county may post a sign in its jail that informs persons in custody of the right to make bail utilizing a surety bond and provides the telephone number of a surety bond referral service.

Op. Tex. Att'y Gen. No. GA-0381 (2005).

The opinion indicates that the county can post signs about statutory provisions for executing a bail bond secured by money or a personal bond and the phone number of the personal bond office, but it states that the county cannot post the phone number of a bail bond referral service unless it could do so in a manner that would not constitute a prohibited referral under section 1704.304(b). *Id.* Specifically, the attorney general opines that section 1704.304(b) would prohibit the posting of the bail bond referral service phone number if "it is essentially a means for a sheriff, deputy, jailer, or other person to recommend a surety or group of sureties . . . [; d]epending on the facts, posting a referral service telephone number in a county jail may raise a question whether the sheriff is illegally recommending a surety or sureties." *Id.* Further, the posting could be inconsistent with section 1704.105(b)'s required posting of a "list of each licensed bail bonds surety . . . in a county" because it theoretically might not be a complete list but rather a list of only those subscribing to the referral service. *See id.*; Tex. Occ. Code Ann.

9

§ 1704.105(b). We conclude that this opinion, like opinion GA-0089, is also not a directive to this court as to whether the controversial list is a recommendation of particular sureties because it fails to address the particular facts before us here.

## C. Allegheny's Reasoning

Allegheny posits several theories as to why the list in question violates section 1704.304(b). First, he asserts that "under the plain meaning of the statute, the posting of any list other than the one mandated by statute would violate this section of the Texas Occupations Code." This is incorrect. The statute prohibits the sheriff from recommending "a *particular bail bonds surety* to another person." *See* Tex. Occ. Code Ann. § 1704.304(b) (emphasis added); *see also* Op. Tex. Att'y Gen. No. GA-0089 ("[S]ection 1704.304(b) prohibits a covered person from recommending any specific bail bond sureties."). However, the attached list contains the names and phone numbers of attorneys, under the heading "Wise County Criminal Defense Attorneys." It does not identify them as bail bond sureties, and it most certainly does not appear in any way to recommend them to anyone as such. *See* Exhibit 2 to this opinion. Nor does it single out any one lawyer or group of lawyers over another or over the listed bail bond sureties.

10

Allegheny next seems to argue that attorney general opinion GA-0089 supports his position regarding the posted list, complaining, "The Attorney General stated that this statute prohibited the affected persons from making any recommendations of attorneys, law firms or bail bond sureties." However, as previously recounted above, the opinion does not support his argument, nor does the statute's plain language. *See* Op. Tex. Att'y Gen. No. GA-0089; *see also* Tex. Occ. Code Ann. § 1704.304(a)–(b) (stating that a bail bond surety may not recommend an attorney and that an official may not recommend a particular bail bond surety).

Allegheny also argues that "the posting of a second list of individuals who the Sheriff represents may write bail bonds in Wise County is improper because the Sheriff is representing to the public that these individuals may write bonds for anyone and not just individuals whom the attorney already represents." He claims that this results in putting licensed bondsmen "on equal footing in the jail with individuals who are [sic] even eligible to write bonds for the public at large." Again, however, we observe that the mere posting of a list of criminal defense attorneys next to the required list of licensed bail bond sureties, without more, does not represent that the defense attorneys may also write bail bonds.

11

Therefore, we hold that the list in question does not "recommend a particular bail bond surety to another person" and that the granting of Walker's motion for summary judgment, and the denial of Allegheny's, was proper. We overrule Allegheny's two issues.

D.  Allegheny's Other Issues

In a section entitled, "Other Issues," Allegheny also complains that the trial court should not have stricken his summary judgment evidence and that if he prevails on appeal, his claim for attorney's fees should be remanded.

The trial court struck the document attached to Allegheny's motion. The document in question, entitled "Wise County Criminal Defense Attorneys," listed twenty-three attorneys' names and the last date those attorneys had written a bond, or "None" if they had not written any bonds. *See* Exhibit 1 to this opinion. Walker's attorney moved to strike the list, complaining that it had never been posted or publicly available anywhere in the Wise County jail and that the list constituted inadmissible hearsay, was unauthenticated, and "its origin is not revealed anywhere in the Plaintiff's summary judgment evidence."

Assuming without deciding that it was error to exclude the document, neither its presence nor absence as summary judgment evidence can alter this opinion's holdings. There is no evidence that the document was posted in the jail, and the document itself, when compared to the list at issue, demonstrates

12

that half of the attorneys on the list do not write bonds. Therefore, it undermines, rather than supports, Allegheny's argument that the sheriff violated section 1704.304(b) by recommending the attorneys on the list as sureties in competition with the licensed bondsmen in the section 1704.105(b) list.

Because Allegheny has not prevailed in his appeal, we need not address his request for a remand on the attorney's fees issue. We overrule Allegheny's "other issues."

## V. Conclusion

Having overruled all of Allegheny's issues, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED: December 10, 2009

13

## WISE COUNTY CRIMINAL DEFENSE ATTORNEYS

| | |
|---|---|
| MARILYN BELEW | LAST BOND DATE 08-28-06 |
| JEAN BISHOP | LAST BOND DATE 1993 |
| SAMUEL BISHOP | NONE |
| MIKE CARRILLO | LAST BOND DATE 2003 |
| CAROL CARSON | NONE |
| CHISTOPHER FOSTEL | LAST BOND DATE 2001 |
| BARRY GREEN | LAST BOND DATE 2001 |
| EARL DOBSON | NONE |
| KENDALL HILL | LAST BOND DATE 2002 |
| CURT MAGEE | NONE |
| RAUL NEVAREZ | NONE |
| MARK HOWELL | LAST BOND DATE 2006 |
| HAROLD MCADEN | NONE |
| DANA MANOUSHAGIAN | NONE |
| JAMES MATTHEWS | LAST BOND DATE 2004 |
| BRENDA ROTRAMBLE | LAST BOND DATE 2002 |
| BROCK SMITH | LAST BOND DATE 2002 |
| JAMES STAINTON | NONE |
| MASON WOODRUFF | NONE |
| STEPHEN WREN | NONE |
| CHE ROTRAMBLE | NONE |

Exhibit 1

8.1

DAVID PERSON      LAST BOND DATE 2004

SMITH & GREEN     LAST BOND DATE 2007



Exhibit 2