**AFFIRM; Opinion Filed July 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00642-CV

### GARY BEN STEPHENS, STEPHENS GROUP, L.P., AND STEPHENS GROUP II, L.P., Appellants

### V.

### UNION VALLEY RANCH, LP, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-03894-C**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Brown

In this property dispute, appellants Gary Ben Stephens, Stephens Group, L.P., and Stephens Group II, L.P. appeal the trial court's order granting summary judgment to appellee Union Valley Ranch, L.P. on its claim for declaratory relief. In two issues, appellants argue (1) appellee's claim was a suit to try to title and therefore had to be brought as a trespass to try title action and (2) the award of attorney's fees was improper. We affirm.

This is the second lawsuit involving these same parties and the same property. Briefly, Kourosh Hemyari purchased three tracts of property at a foreclosure sale and ultimately sold one

of the tracts to appellee.[1] In the first lawsuit, the Stephens appellants sued to set aside the foreclosure deed. The lawsuit resulted in a judgment in which the trial court ordered that Hemyari and appellee owned their respective parcels of the property "in fee simple title, free and clear of any encumbrance, lien, or any other interest of Gary Ben Stephens, Stephens Group, L.P., and Stephens Group II, L.P., individually or collectively[.]" The trial court's judgment was ultimately affirmed by the Texas Supreme Court. *See Hemyari v. Stephens*, 355 S.W.3d 623, 628 (Tex. 2011).[2] After the supreme court's decision, appellee asked appellants to withdraw a purported deed conveyed by appellants during the pendency of the lawsuit or execute a quit claim deed and to cancel several notices of lis pendens placed on the property. When appellants refused, appellee filed this lawsuit, seeking a declaration that the disputed deed was not valid because appellants had no title to the property to convey pursuant to the final judgment rendered in the earlier lawsuit and seeking cancellation of the notices of lis pendens.

Appellee filed a motion for summary judgment, asserting the parties previously litigated title to the subject property, and the litigation resulted in a judgment that appellee owned the property in fee simple, free and clear of any interest of appellants. Appellee attached several documents as evidence, including certified copies of the petition in the prior lawsuit, the final judgment, and the supreme court's mandate. In response, appellants asserted appellee owned only the surface fee estate and they owned the mineral rights. After considering the summary-judgment evidence, the trial court granted appellee's motion. In its amended order, the trial court declared that appellants "have no continuing interest of any kind whatsoever, whether surface, mineral or otherwise," in the property in dispute. The trial court also ordered that all notices of

---

[1] A more extensive explanation of the history of the property's ownership and the origins of the dispute between the parties can be found in this Court's prior opinions in the earlier lawsuit. *See Stephens v. Hemyari*, 216 S.W.3d 526, 527–28 (Tex. App.—Dallas 2007, pet. denied); *Stephens v. Hemyari*, 355 S.W. 10, 11–12 (Tex. App.—Dallas 2010), *rev'd*, 355 S.W.3d 623 (Tex. 2011).

[2] This Court reversed the trial court's judgment and rendered judgment in favor of the Stephens appellants. *See Stephens*, 355 S.W.3d at 15. The supreme court reversed this Court, and, in its mandate, reinstated the trial court's judgment.

lis pendens canceled or expunged. Finally, the trial court awarded appellee its attorney's fees. This appeal ensued.

We review a summary judgment de novo to determine whether a party's right to judgment was established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). When a plaintiff moves for traditional summary judgment it has the burden to conclusively establish all elements of its claim as a matter of law. *See* TEX. R. CIV. P. 166a(c); *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex. 1986) (per curiam). If the plaintiff satisfies its burden, the burden shifts to the defendant to preclude summary judgment by presenting evidence that raises a genuine issue of material fact. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex. 1982).

In their first issue, appellants assert the trial court improperly determined title to property in a declaratory judgment action when such an action must be brought as trespass to try title. Appellants did not make this argument in their response to appellee's motion for summary judgment; they argued fact issues existed as to whether they owned the mineral estate. Generally, issues not expressly presented to the trial court by written motion, answer, or response shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c). But assuming this issue is properly before us, we agree with appellee that the trial court did not adjudicate title to the property; rather, title was adjudicated in the prior judgment in the first lawsuit. In this case, the trial court determined the effect of the prior judgment and declared appellants had no continuing interest of any kind in the property and ordered the notices of lis pendens cancelled or expunged. Appellants make no other argument regarding the propriety of the summary judgment. We therefore overrule their first issue.

In their second issue, appellants argue the trial court erred in awarding attorney's fees to appellee "without the production of time slips and allocation as between the declaratory

—3—

judgment action and the cause of action to cancel a lis pendens." Within the body, appellants argue appellees brought a trespass to try title suit disguised as a declaratory judgment action, and attorney's fees are not recoverable for trespass to try title. We have previously concluded appellee's suit was not to try title. To the extent appellants assert appellee did not segregate fees, appellants did not raise the segregation issue below and have therefore waived error, if any. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997) ("[I]f no one objects to the fact that the attorney's fees are not segregated as to specific claims, the objection is waived."). We overrule appellants' second issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

130642F.P05

-4-



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GARY BEN STEPHENS, STEPHENS
GROUP, L.P., AND STEPHENS GROUP
II, L.P., Appellants

No. 05-13-00642-CV     V.

UNION VALLEY RANCH, LP, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-03894-C.
Opinion delivered by Justice Brown.
Justices Bridges and O'Neill participating.

In accordance with this Court's opinion of this date, the trial court's Amended Order Granting Plaintiff's Motion for Summary Judgment is **AFFIRMED**.

It is **ORDERED** that appellee Union Valley Ranch, LP recover its costs of this appeal from appellants Gary Ben Stephens, Stephens Group, L.P., and Stephens Group II, L.P.

Judgment entered this 21st day of July, 2014.