**Opinion issued March 30, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00499-CV
_____

## DUANE R. YOUNG, Appellant

## V.

## JEANNE LYNN PARENT, Appellee

_____

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCV-224635**

_____

## MEMORANDUM OPINION

The State filed charges against Duane R. Young for assault, family violence. The charges were later dropped. Young filed suit against Jeanne Lynn Parent, the complainant in the offense. Young asserted claims for malicious prosecution, abuse of process, and defamation. The trial court granted Parent's motion for summary

judgment on all claims. In three issues on appeal, Young argues the trial court erred by granting summary judgment on his claims.

We affirm, in part, and reverse and remand, in part.

## Background

Before April 19, 2015, Young and Parent had been dating and living together. Shortly before April 19, the two ended their relationship, and Parent began looking for a new place to live. On April 19, Parent had been out looking for an apartment when she got a call to come into work. Parent returned to the house to retrieve a bag she needed for work.

At the house, Young and Parent got into an argument regarding who owned the bag. Young later alleged that Parent assaulted him during the argument. Parent alleged that Young assaulted her. Both parties agree that, in the process, the door to the closet fell off its hinges, and Parent scraped her right arm on some clothes hangers.

Young called 911, alleging Parent had threatened, "I'm going to get my gun." Deputy Kyle Cornell was dispatched to the scene. Deputy Cornell wore a microphone, which recorded his conversations with Young and Parent.

Deputy Cornell spoke with Young first, outside the house. Young described the two getting into an argument over the bag. Young told Deputy Cornell that Parent had become violent and that "the level of violence rose" during the argument,

culminating in Parent threatening to get a gun. Deputy Cornell observed that emotions were high between the two and that he could smell alcohol on Young.

Deputy Cornell next went into the house and spoke to Parent. Parent likewise described an argument over the bag. She told Deputy Cornell that Young shoved her into the closet. She explained that the door came off the hinges in the process and indicated the injury she had suffered on her arm, saying the injury hurt.

After the brief exchange with Parent, Deputy Cornell returned outside to talk to Young. Deputy Cornell observed that Parent had marks on her and Young did not. He also observed that Young had been drinking. Deputy Cornell then told Young that he was going to charge him with assault, family violence. Deputy Cornell arrested Young and placed him in the patrol car. Deputy Cornell continued to talk to Parent, took pictures, and filled out various paperwork.

After Young was released from jail on bail, Parent recanted. In later conversations with Young, Parent asserted that Young was trying to pull her out of the closet, not push her into it. Ultimately, the Fort Bend District Attorney's office filed a notice of dismissal of the charges.

In July 2015, Young filed the underlying suit against Parent. Young asserted claims for malicious prosecution, abuse of process, and defamation. Parent later filed a motion for summary judgment, arguing the evidence disproved at least one

3

element for each of Young's claims. The trial court granted the motion for summary judgment.

## Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

A party moving for traditional summary judgment on a claim for which it does not bear the burden of proof must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *See Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). If the movant meets its burden,

4

the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

To determine whether there is a fact issue in a motion for summary judgment, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller,* 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

## Malicious Prosecution

In his first issue, Young argues that the trial court erred by granting summary judgment on his malicious prosecution claim. The elements of malicious prosecution are (1) a criminal prosecution was commenced against the plaintiff, (2) the defendant initiated or procured the prosecution, (3) the prosecution terminated in the plaintiff's favor, (4) the plaintiff is innocent of the charges, (5) the defendant lacked probable cause to initiate or procure the prosecution, (6) the defendant acted with malice, and (7) the plaintiff suffered damages. *Espinosa v. Aaron's Rents, Inc.*, 484 S.W.3d 533, 542 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

In her motion for summary judgment, Parent argued the evidence disproved the second, fourth, and fifth issues. For the second element, a defendant is not liable if the decision to prosecute is left to the discretion of another party, such as a police officer. *King v. Graham*, 126 S.W.3d 75, 76 (Tex. 2003). This rule applies, unless the defendant provides false information to the officer and, but for the false information, the decision to prosecute would not have been made. *Id.*

Parent told Deputy Cornell that Young pushed her into the closet. In contrast, Young described Parent as the one who became violent during the argument. In his affidavit attached to his response to the motion for summary judgment, Young averred that he did not touch Parent and that the only contact occurred when Parent pushed him. Parent's allegation that Young pushed her into the closet formed the basis of the assault charge filed against Young. Because Young has disputed pushing Parent, there is a fact issue over whether Parent provided Deputy Cornell with false information that formed the decision to prosecute. *See id.*

The same is true of the fourth and fifth elements: that the plaintiff is innocent of the charges and that the defendant lacked probable cause to procure the prosecution. *See Espinosa*, 484 S.W.3d at 542. Because Young has alleged that he did not push Parent, there is a fact issue on whether Young is innocent of the charges and whether Parent lacked probable cause to procure the prosecution.

We sustain Young's first issue.[1]

## Abuse of Process

In part of his third issue, Young argues the trial court erred by granting summary judgment on his abuse of process claim. The elements of an abuse-of-process claim are (1) the defendant misused a regularly issued process for a purpose not lawfully warranted by that particular process; (2) the defendant had an ulterior motive or purpose for misusing the process; and (3) the plaintiff sustained damage from the irregularity. *Davis v. West*, 433 S.W.3d 101, 110 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). An ulterior motive is not enough. *See id.* "The process must be used to 'compel[] a party to do a collateral thing which he would not be compelled to do' otherwise." *Id.* at 111 (quoting *Detenbeck v. Koester*, 886 S.W.2d 477, 480 (Tex. App.—Houston [1st Dist.] 1994, writ dism'd)).

Parent argued that she only made the complaint and was not otherwise involved in the process of prosecuting Young. Young responds that Parent made a false statement to Deputy Cornell and had an ulterior motive to do so. An ulterior motive is not enough for an abuse of process claim. *Id.* at 110. Parent was not involved in the prosecution once it was initiated. *See Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App.—Dallas 2008, no pet.) ("The critical aspect of this

---

[1]   Young's second point of error concerns a statement by the trial court pertaining to Young's malicious prosecution claim. Because it would not result in greater relief, we do not reach it. *See* Tex. R. App. P. 47.1.

7

tort is the improper use of the process after it has been issued."). Accordingly, the evidence shows Young cannot prevail on his abuse of process claim.

We overrule the first part of Young's third issue.

## Defamation

In the second part of his third issue, Young argues the trial court erred by granting summary judgment on his defamation claim. In a suit by a private person against a non-media defendant, the elements for a defamation claim are (1) the publication of a statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault,[2] and (4) damages, in some cases. *See In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (identifying elements, but including burden of proving statement is false); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) (holding, for private-individual plaintiff against a non-media defendant, falsity of statement is generally presumed and truth of statement is affirmative defense).

In her motion for summary judgment, Parent argued Young's defamation claim must fail because her statements were true. We review the record to determine

---

[2] Typically, the requisite degree of fault for a private-individual plaintiff is negligence. *See In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). However, a qualified privilege applies to statements made to law enforcement. *Espinosa v. Aaron's Rents, Inc.*, 484 S.W.3d 533, 544 (Tex. App.—Houston [1st Dist.] 2016, no pet.). To defeat the qualified privilege, the plaintiff must establish that the defendant acted with actual malice. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

whether her affirmative defense was established as a matter of law. *See Randall's Food Market*, 891 S.W.2d at 646. (holding, for private-individual plaintiff against a non-media defendant, falsity of statement is generally presumed and truth of statement is affirmative defense); *Am. Tobacco*, 951 S.W.2d at 425 (holding defendant seeking summary judgment on affirmative defense must conclusively establish its elements).

Parent argues that she was substantially correct in telling Deputy Cornell that Young pushed her into the closet. In contrast, Young described Parent as the one who became violent during the argument. In his affidavit attached to his response to the motion for summary judgment, Young averred that he did not touch Parent and that the only contact occurred when Parent pushed him. We hold Young's statements to Deputy Cornell and his affidavit create a fact issue on whether Parent was substantially truthful in telling Deputy Cornell that Young pushed her into the closet.

We sustain the second part of Young's third issue.

## Conclusion

We affirm the trial court's grant of summary judgment on Young's abuse of process claim. We reverse the trial court's grant of summary judgment on Young's malicious prosecution claim and defamation claim and remand for further proceedings.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Massengale.