

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00374-CV

_____

JOSEPH LAMBERT AND SUSAN LAMBERT, Appellants

V.

STATE FARM LLOYDS AND TEVIN SENNE, Appellees

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV16-0048

Before Sudderth, C.J., and Kerr, J.[1]
Memorandum Opinion by Justice Kerr

---

[1]Justice Bill Meier was a member of the original panel but has since retired. Because they agree on the judgment, the two remaining justices decided the case. *See* Tex. R. App. P. 41.1(b).

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellants Joseph and Susan Lambert appeal the trial court's order granting summary judgment in favor of appellees State Farm Lloyds and adjuster Tevin Senne[2] and denying the Lamberts' motion for partial summary judgment. In two issues, the Lamberts argue (1) that their extracontractual claims remain viable even though State Farm eventually paid their homeowner's-insurance claim after the parties engaged in the policy's appraisal process and (2) that the trial court erred by granting State Farm's summary-judgment motion and denying their own motion concerning State Farm's liability—despite its timely paying the appraisal amount—for statutory interest and attorney's fees under the Texas Prompt Payment of Claims Act ("TPPCA").

Because we hold that the Lamberts have failed to provide any evidence of actual damages aside from compensation to which they were entitled under their homeowner's policy and because payment of an appraisal award does not bar a TPPCA claim but also does not conclusively establish that the Lamberts are entitled to summary judgment, we will affirm the trial court's judgment in part and reverse it in part.

---

[2]Unless we need to distinguish between them, we will refer to the appellees collectively as "State Farm."

## II. Background

This suit began over the way State Farm handled the Lamberts' claim for hail and wind damage to their home from a May 2015 storm.

The Lamberts submitted a claim for damages under their homeowner's-insurance policy. State Farm assigned adjuster Senne to their claim; he inspected the Lamberts' home and found $4,935.97 worth of damage to it. Because depreciation and their policy deductible amounted to more than the $5,000 in damage, State Farm's letter to the Lamberts showed a "Total Payable" of "$-0-." Soon after, the Lamberts asked State Farm to reinspect their home, which Senne did in October 2015, this time finding closer to $10,000 in damage and netting the Lamberts some $1,700 after subtracting depreciation and the deductible.

Dissatisfied, the Lamberts sued State Farm in January 2016, asserting claims for breach of contract, unfair settlement practices under the Texas Insurance Code, violations of the TPPCA, breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act, and fraud. State Farm then moved to compel appraisal under the appraisal provision in the Lamberts' policy. The Lamberts and State Farm followed that procedure, designating appraisers who then jointly appointed an umpire. The appraisal panel ultimately set the amount of loss to the Lamberts' home at $99,112.72 on a replacement-cost basis and $70,965.54 on an

actual-cash-value basis.[3] Two days after learning of the award, and after deducting depreciation and the past payment of roughly $1,700, in mid-August 2016 State Farm paid the Lamberts $63,404.63.[4]

The next month, State Farm moved for summary judgment arguing that because it had paid the amount of loss as determined by appraisal and because the Lamberts had not alleged an independent injury separate from their rights under the policy, State Farm was entitled to a take-nothing judgment in its favor. The Lamberts then moved for partial summary judgment on their TPPCA claim, specifically claiming that they were entitled to statutory interest and attorney's fees under Section 542 of the Texas Insurance Code. Tex. Ins. Code Ann. § 542.060(a). Although the trial court initially granted the Lamberts' motion and denied State Farm's, it later granted State Farm's motion for reconsideration and signed a final judgment in State Farm's favor on September 29, 2017. That judgment expressly denied the Lamberts' partial-summary-judgment motion and granted State Farm's motion "in its entirety." The Lamberts appealed.

---

[3]The award was not unanimous among the two appraisers and the umpire, but rather was signed by only one appraiser and the umpire, which the appraisal process allowed for.

[4]State Farm simultaneously notified the Lamberts that they had remaining replacement-cost benefits of over $28,000 available to them if they made "actual repairs or replacement of the damaged part of the property by July 11, 2018." The record does not show that the Lamberts ever claimed those benefits, and they are not at issue on appeal.

## III. DISCUSSION

### A.  Standard of Review

The same well-known standard of review applies to both issues in this appeal, involving as they do the propriety of a summary judgment.

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). Conversely, a plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary-judgment evidence and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848. We should then render the judgment that the trial court should

have rendered. *See Myrad Props., Inc. v. LaSalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009); *Mann Frankfort*, 289 S.W.3d at 848.

## B.      The Lambert's Extracontractual Claims

In their first issue, the Lamberts argue that their extracontractual claims are still viable even though State Farm has paid the appraisal award.[5] We will thus examine whether the trial court properly granted summary judgment in State Farm's favor on the Lamberts' common-law claims for bad faith and fraud, as well as on their extracontractual statutory claims.[6]

For extracontractual claims to survive, a breach of contract does not necessarily have to be present. *Ortiz v. State Farm Lloyds*, --- S.W.3d ---, No. 17-1048, 2019 WL 2710032, at *5 (Tex. June 28, 2019) (*citing USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018)). But to recover on extracontractual claims when an appraisal has been completed, the plaintiff must allege a "statutory violation that causes an injury independent of the loss of benefits" under the policy. *Id.* at *5, *15. That is, the plaintiff must claim "actual damages" that have not already been paid

---

[5]Without directly saying so, the Lamberts seem to agree with State Farm that its paying the appraisal award foreclosed their breach-of-contract claim. Indeed, in their brief and at oral argument, the Lamberts phrased their first issue to be that their "extra-contractual claims . . . do not depend [on] the viability of their breach-of-contract claim." And at oral argument, the Lamberts conceded that "right now, we are at the minimum, we got our policy benefits."

[6]The Lamberts' second issue involves the specific extracontractual statutory claim of interest and attorney's fees under the TPPCA, which we address separately below.

following the appraisal process. *See id.* at *5 (concluding appraisal mooted certain bad-faith claims where "the only 'actual damages' [appellant sought were] the policy benefits wrongfully withheld, and those benefits ha[d] already been paid pursuant to the policy"). Attorney's fees, court costs, and exemplary damages are not considered actual damages, but would be recoverable only upon an award of underlying actual damages. *Id.* at *5.

Like their breach-of-contract claim, the Lamberts' extracontractual claims are moot to the extent they seek damages for policy benefits that State Farm paid following the appraisal process. *Id.* That these are the only types of damages they seek—and therefore that all of their extracontractual claims are moot—appears to be the case. Indeed, in their response to State Farm's summary-judgment motion, the Lamberts specifically argued that they "need not prove any injury independent of the policy in order to maintain their extra-contractual claims." They also argued that "there is no need to impose an additional burden of proving an injury beyond and/or independent of nonpayment of policy benefits, and an insured need not make a showing in order to recover for what would otherwise be a valid and viable claim under the Texas Insurance Code." The Lamberts' summary-judgment response further asserted that "because [their] claim is indeed covered, no injury independent of the policy is needed for [the Lamberts'] extra-contractual claims to survive, and therefore, [State Farm's] summary judg[]ment must be denied."

Neither to the trial court nor to us have the Lamberts pointed to any evidence that they seek actual damages that are different from, in addition to, or aside from what they have now received under the policy.[7]

Because the Lamberts have provided no evidence of actual damages independent of benefits now paid under their policy, the trial court did not err by granting State Farm's summary-judgment motion regarding the extracontractual claims addressed in this issue. *See id.* We overrule the Lamberts' first issue.

## C. The Lamberts' TPPCA Claim

In their second issue, the Lamberts argue that the trial court erred by granting summary judgment to State Farm on their TPPCA claim and by not granting them partial summary judgment on that same claim. Specifically, the Lamberts alleged that State Farm failed to follow the TPPCA's prompt-payment deadlines and thus they

---

[7]Other than arguing in their first issue that they are entitled to pursue their extracontractual claims, the Lamberts do not analyze any of their extracontractual claims nor do they specify what evidence supports which elements of those claims. And at oral argument, the Lamberts seem to have conceded that they are now pursuing damages only under the TPPCA. During argument, the following exchange occurred during the Lamberts' rebuttal:

> Justice Kerr: "But as far as other types of damages, I mean, you're just . . . are you just wanting the eighteen percent and attorney's fees or are you saying that on your other extracontractual claims that you have additional damages?"

> Lambert's Attorney: "The former your honor. All we're asking for is to recover the amount of attorney's fees and a percentage of interest on the policy benefits."

were entitled to statutory interest and attorney's fees. *See* Tex. Ins. Code Ann. § 542.060(a).

The TPPCA sets out guidelines facilitating the timely payment of insurance claims. *Id.* §§ 542.054, 542.057. While the TPPCA does not explicitly address how initiating the appraisal process affects the Act's timing guidelines, the Texas Supreme Court has recently offered guidance in a case that controls our disposition of the Lamberts' second issue. *Barbara Techs. Corp. v. State Farm Lloyds*, --- S.W.3d ---, No. 17-0640, 2019 WL 2710089, at *1 (Tex. June 28, 2019). The facts in *Barbara Tech* were much like the ones we face here: State Farm twice denied its insured's claim for storm-related damages because, State Farm asserted, the damages did not exceed Barbara Tech's deductible. *Id.* Barbara Tech sued, prompting State Farm to invoke the policy's appraisal provision. *Id.* Barbara Tech accepted the resulting appraisal-award payment but still claimed that statutory damages were appropriate because State Farm had failed to comply with the TPPCA's 60-day time limit for payment. *Id.* Although both the trial and appellate courts found that a payment of an appraisal award barred a TPPCA claim as a matter of law, the Texas Supreme Court disagreed. *Id.* at *2, *17.

The court interpreted the TPPCA's lack of any appraisal-related language to mean that the legislature intended neither to impose specific deadlines for the contractual appraisal process within the prompt-pay scheme nor to exempt the contractual appraisal process from the deadlines. *Id.* at *5. The court concluded that an insured could be entitled to a recovery by showing that (1) the insurer was initially

9

liable for the claim under the policy and (2) the insurer violated a TPPCA provision. *Id.* at *4–5. Because in *Barbara Tech* State Farm had not accepted liability under the policy and had not yet had its liability adjudicated one way or another, Barbara Tech was not entitled to TPPCA damages as a matter of law. *Id.* at *16. By the same token, State Farm's invoking appraisal and promptly paying the resulting award did not automatically exempt it from TPPCA damages, either. *Id.* For these reasons, the court remanded the case for the trial court to first determine liability and then sort through TPPCA timing requirements. *Id.* at *17.

Here, as State Farm noted in its postsubmission letter brief discussing *Barbara Tech*, the Lamberts' TPPCA claim is "in the same procedural posture" and should be remanded for the same reasons. We agree. We thus overrule the part of the Lamberts' second issue arguing that they are entitled to summary judgment on their TPPCA claim, sustain the Lamberts' second issue on the argument that the trial court erred by granting summary judgment in State Farm's favor, reverse the part of the trial court's order granting summary judgment for State Farm on the Lamberts' TPPCA claim, and remand the case on that claim.

## IV. CONCLUSION

Having overruled the Lamberts' first issue and part of their second, but having sustained their second issue in part, we affirm the trial court's summary judgment for State Farm on all of the Lamberts' claims except their TPPCA claim, reverse the

summary judgment for State Farm on the Lamberts' TPPCA claim, and remand this case to the trial court for proceedings consistent with this opinion.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: November 7, 2019

11